THOMAS S. WILSON *vs.* NEGRO ANN BARNET.—*Dec.* 1836.

Proof that a negro woman had been living and acting as a free person from the 27th of July, 1830, to the 11th of October, 1836, does not furnish any evidence whatever in support of her claim to freedom, unless it can be

*shown,* that the party entitled to her custody and service, knew of her place of residence during the period of her so living and acting.

Thus, where it was in proof, that the petitioner, who was born the slave of a testatrix who lived and died on the *Eastern Shore* of *Maryland,* lived as a free woman in the *City of Baltimore,* for the period above mentioned, and who by the will of the testatrix was entitled to her freedom if the residue of the personal estate was sufficient to pay her debts: *Held,* that her so living, did not furnish *prima facie* evidence of the sufficiency of said residue for that purpose, or any evidence upon which a direction to that effect could be given to the jury, there being no proof that the personal representative of the testatrix was aware of her residence.

An order passed by the Orphans' court, directing the administrator to sell the slaves of the testatrix, is not evidence of the insufficiency of the other personal assets, in opposition to the petitioner's right to freedom.

Appeal from *Baltimore City* court.

This was a *petition for freedom,* filed on the 12th October, 1836, by the appellee, against the appellant. The freedom being denied, at the trial of that issue, the following exception was taken.

The petitioner offered in evidence, that she had been living and acting in the *City of Baltimore,* as a free woman, from the 27th July, 1830, until she was arrested as a slave by the defendant on the 11th October, 1836, and confined in *Baltimore* county jail as a runaway by his order. The defendant, the appellant, then offered in evidence, that the petitioner was born the slave of *Elizabeth Richmond,* late of *Queen Anne* county, in the *State of Maryland.* That the said *Elizabeth,* among other bequests devised as follows: "Item—In case my personal property, other than negroes, shall not be sufficient to pay debts and legacies; I do hereby direct my executor hereafter mentioned, to sell so many of my male negroes until they attain the age of thirty-two years, at which time it is my will and desire that they be free, those under seven years of age I wish to be free at the age of twenty-five, and none to be sold out of the *State.*

"Item—I give and bequeath my negro man *Sam,* to the Rev. *Thomas D. Monnelly,* to serve him three years, at which time I wish him to be free.

"I give old *William,* at his own request, to his friend,

*John Holland*, a free negro, and all the others who have attained to the age of forty or upwards, to be given or sold for no more than one dollar a piece to such of their free relations as they may choose to go to. As it is my wish and desire that all my *female* negroes may be free at my decease, unless my debts should require the sale of them, in which case I desire, that as many of them that is under the age of twenty five, may be sold until they arrive to that age, and I desire, that all the children that they may have in the time of their service may be free when their mothers are free.

" I desire the female children under the age of six and seven to be given to their mothers."

The testatrix died on the 7th December, 1831. The will was duly proved and recorded, and letters of administration granted to the defendant.

The appellant also offered in evidence the inventory of the personal estate of the said *Elizabeth*, which included the petitioner, and described her above thirty years of age, and then read an order from the Orphans' court of *Queen Anne county*, from which court the defendant had received his testamentary letters, as follows :

"*Queen Anne* county, Orphans' court, August term, 1836.

On application of *Thomas S. Wilson*, administrator, with the will annexed of *Elizabeth Richmond*, deceased, ordered that he sell at public or private sale at his discretion, for cash or on credit, for not less than the appraised value the following negroes, belonging to the estate of the said deceased, viz : *Ann Barney*, and her daughter, *Ann Milly Gross*, and her two children, *Jacob* and *Jemmy*, and boy *Robert*."

Thereupon the defendant by his counsel, prayed the court to instruct the jury, that the petitioner is not entitled to their verdict, and that they must find a verdict for the defendant.

1st. Because the petitioner has offered no evidence to show that she was free born.

2d. Because the petitioner has not offered any evidence to show that she is entitled to her freedom under a deed of manumission.

3d. Because the order of the Orphans' court for *Queen Anne county* is evidence to show, that the personal estate of *Elizabeth Richmond* is insufficient for the payment of her debts, and therefore, the petitioner is not entitled to her freedom under the will of the said *Elizabeth Richmond.* Which the court (BRICE, C. J., NISBET and WORTHINGTON, A. J.) refused to do, and gave the following opinion and instruction to the jury.

If the jury shall be of opinion from the testimony given in the cause, that the petitioner was above the age of twenty-five years at the death of the testatrix, and has been residing in the *City of Baltimore*, and acting as a free woman from the time of her being appraised as a part of the deceased's estate, until the day of filing this petition, with the knowledge and consent of the defendant, her administrator *de bonis non*, it amounts to *prima facie* evidence till rebutted by competent legal proof to the contrary, that the debts of the testatrix, if any, have been fully paid out of other portions of the personal estate, first appropriated by the will for that purpose; and, that the petitioner is consequently free under the provisions of that will. And the court were further of opinion, and so directed the jury, that the inventory and order of the Orphans' court offered in evidence to prove a deficiency of the preferred assets to pay the debts, do not furnish sufficient competent and legal evidence for that purpose, and to rebut the presumption of the petitioner's right to freedom arising from the other testimony in the cause. *The defendant excepted,* and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and ARCHER, DORSEY, STEPHEN, and CHAMBERS, Judges.

J. SCOTT, for the appellant.

The case must turn upon the efficacy of the order of the Orphans' court. Under the act of 1796, ch. 67, sec. 13, if the personal estate of the deceased is sufficient to pay debts independent of negroes, the manumission by last will is valid, but not otherwise. The inventory was taken in June, 1832, and the negroes constitute $2,910 of its aggregate amount, $4,125. Now, if the order had gone on to aver a deficiency of the personal estate of *Mrs. Richmond,* there could be no doubt about its validity; yet in point of law, it is just as efficacious without that averment, as with it, for to no other purpose could the Orphans' court legally have ordered a sale of the negroes. Judicial tribunals are not presumed to exceed their jurisdiction. Every intendment is to be made in favour of the action of a court, if it be shown to have jurisdiction. 10 *Mod.* 71. 1 *Saun.* 90.

The administrator is bound to account to the Orphans' court for all the property in the inventory, and as this woman was born a slave, has not been manumitted but upon a contingency, the evidence tends to prove that she was still a slave, and should have been returned. 6 *Tern.* 177.

The right to freedom by last will is a statutory right, and cannot exist to the prejudice of creditors, and as the object of the order was to create a fund for payment of debts, it results that the personal estate was insufficient, and the *City court* in error in assuming there was no evidence of that insufficiency.

BARNARD, for the appellee.

The petitioner rests upon the will of her mistress, and the subsequent conduct of the administrator, the defendant, in suffering the petitioner to go at large. The will shows a manumission, and the inventory establishes the fact, that the petitioner was above the age mentioned in the will. The conduct of the appellant showed his assent to the legacy of freedom, and this perfects it. Slight circumstances amount to such assent. It is express or implied. She lived at large,

and in a state of freedom for several years, within a few miles of the defendant.  *Preston on legacy,* 48.  2 *Ventris,* 358.

She was at large before the death of her mistress.  Legacy to one in possession.  Possession subsequent for years, evidence of consent of administrator.  4 *Devereux,* 57.

The counsel on the opposite side supposes it an act of humanity on the part of the administrator, permitting her to go at large, acting as free.  The court and jury below draw a different presumption, and as contrary to his duty, he derived no income, no assets from her services, they inferred his assent to her liberation.  3 *Der.* 399.  *Andrews vs. Hunneman,* 6 *Pick.* 126.  2 *Har. & Gill,* 483.  4 *Gill & John.* 277.

There was no proof of the insufficiency of the personal estate, save the order of court which does not allege it.  The want of such evidence is the reason why freedom should not be divested.  If the order affects her right, she was entitled to an appeal; but even that is lost by the failure to arrest her within thirty days of its passage.  The executor's assent to to the legacy relates to the death of the testator.  *Prest. on legacy,* 49.  *Smith and wife vs. Townes, administrator,* 4 *Munf.* 191.  Once given it is not revocable.  1 *McCord,* 91.  2 *Hawks, N. C.* 123.

Hence the Orphans' court could not again reach the petitioner, and has therefore excluded its jurisdiction.  Again, the use made of this order violates the rule that the best proof should be offered the nature of the case will admit of.  The mode of settling the estate should have been exhibited.  No proof here that any part of the cash was paid away.  No proof of any outstanding debts or that testatrix was indebted.  The slave could never impeach this order, and must lose her liberty under the construction insisted upon.  The insufficiency of assets should be shown affirmatively.  *Miller vs. Negro Charles,* 1 *Gill & John.* 390.

ARCHER, Judge, delivered the opinion of the court.

The court below erred in expressing to the jury the opinion, that if they believed the petitioner had been acting as a free

woman from the time of the appraisement with the knowledge and consent of the administrator, that then such facts amount to *prima facie* evidence that the debts of the testatrix have been paid out of other portions of the estate first appropriated by the will.

The principles of law involved in the prayer it is unnecessary to discuss, because we do not perceive any evidence in the record of the consent of the administrator, that the petitioner should act as a free woman, or that her residence in the *city of Baltimore* was, at any time previous to her arrest, known to him.   It is quite as probable she had absconded from service, and that she was arrested by him when he first obtained a knowledge of her residence.   She appears by the proof, to have resided in the *city of Baltimore* anterior to the death of the testatrix, until the time of her arrest, and if she had been in the custody and service of the administrator at the time of the appraisement, still there is no evidence whatever, that she departed from that service with the knowledge or consent of the administrator.

The defendant prayed the court's instruction to the jury, that the plaintiff was not entitled to her freedom under the will of the testatrix, because the order of the Orphans' court of *Queen Anne's county*, was evidence to show an insufficiency of assets.   We think, however, the court were right in refusing to direct the jury as prayed for by the plaintiff, that the order of the Orphans' court was evidence of an insufficiency of assets.

The doctrine is conceded, that intendments are to be made in favour of judgments of courts of competent jurisdiction, and that facts, as inferences, may sometimes be drawn from their rendition.   But these principles cannot be applicable to this case.

The order of the Orphans' court was *ex parte*, and is evidence for no purpose whatever in this case.

The proof of an insufficiency of assets, if such were the fact, was peculiarly accessible to the administrator; he had possession, or title to all the effects of the deceased, and

might be supposed after such a lapse of time to know all the debts of the deceased. This he should have established by the ordinary *media* of proof, such being alone admissible as the best proof.

We therefore think, that the court were right in rejecting the prayer of the plaintiff, but wrong in the direction they gave to the jury.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**