R. JOHNSON, for the appellee, cited, 1785, ch. 80, sec. 1; 1806, ch. 90, sec. 11; and 1815, ch. 149.

The court, BUCHANAN, Ch. J. and STEPHEN, DORSEY, SPENCE, and CHAMBERS, Judges, said the

APPEAL ABATED.

---

THOMAS S. WILSON *vs.* NEGRO ANN BARNETT.—*December,* 1837.

When it appears by the inventory returned by an executor or administrator, that he is in possession of negro property belonging to the deceased, he is properly chargeable with their hire, or the value of their services, unless he shows by proof, an adequate excuse for not having received such hire, or value.

And upon a petition for freedom, such charge is a proper item, in estimating the value of the deceased's personal estate, exclusive of the negroes; when their right to freedom depends upon the assets being sufficient to pay debts, independently of them.

Wilson *vs.* Negro Ann Barnett.—1837.

To enable the jury correctly to estimate the value of their services, it is sufficient to show by evidence the annual value of negroes of the same description as those mentioned in the inventory.

When the right to freedom depends upon the sufficiency of the assets of the testator to pay debts, the inquiry is not limited to the condition of his estate at the period of his death. If the assets were sufficient at that time, but in a due course of administration, and before the executor's assent to the freedom, and without his fault, the estate, without the negroes, become inadequate, the right to freedom would not exist.

And so, if the assets are insufficient, at the testator's death, but by subsequent events, and in a due course of administration, they become sufficient, the claim to freedom could not be resisted.

APPEAL from *Baltimore* city court.

This was a *petition for freedom* filed by the appellee against the appellant, and is the same case which was here on appeal at December term, 1836, *vide,* 8 *Gill and John.* 169.

At the trial of the cause the appellee gave in evidence the will of *Elizabeth Richmond,* under which she claimed her freedom; the inventory of the goods and chattels of her estate, amounting to $4,125 52, taken the 13th June, 1832.

The defendant for the purpose of showing the insufficiency of the personal estate of the testatrix, for the payment of her debts, independent of her negroes, (which were included in the inventory aforesaid, and amounted to the sum of $1,315,) offered in evidence an office copy of his administration account, on the estate of the said *Elizabeth Richmond,* dated 9th October, 1833, in which he charged himself with

| | | |
|---|---|---|
| the amount of inventory, . . . . | $4,125 | 92 |
| Sperate debts on 27th September, 1833, . . | 414 | 51 |
| Negro hire to 27th September, 1833, . . | 192 | 68 |
| Interest, . . . . . . . | 14 | 83 |
| | $4,747 | 94 |
| And obtained allowances for, . . . | 1,257 | 80 |

Leaving a balance to be distributed according to the will of the deceased, . . . . . $3,490 14

The defendant also offered proof of a debt due by the estate of $809, to *John S. Blake, Jr.* and also of an order of

the Orphans' court of *Queen Anne's* county, dated 15th August, 1837, containing an authority for the sale of the negroes of *Mrs. Richmond's* estate, upon the ground of a deficiency of personal assets to ·pay debts, or such part thereof, as the administrator in his discretion, at public or private sale, may deem sufficient for that purpose.

The defendant also proved, the payment of $520 26, expenses of arresting and detaining the negroes for sale, and fees of counsel in the case of *Richmond vs. Blake,* before referred to.

The petitioner, in order to show a sufficiency of assets offered evidence, that the hire of negro men, exclusive of food and clothing, was from $50 to $60 per annum; women from $20 to $25 per annum; of girls of eleven or twelve years of age, $15 per annum, all exclusive of food and clothing.   To the competency of which testimony, the defendant, (now appellant) objected, because the petitioner had offered no testimony to show, that the defendant had hired the negroes belonging to the estate of the testatrix, after the 9th October, 1833, or that he had received any profit or advantage from their labour.   But the court permitted the evidence to go to the jury, and the appellant excepted.   This exception was dated 13th October, 1837.

2d EXCEPTION.—The petitioner then upon the whole proof, prayed the court to direct the jury, that the administrator was answerable to the estate for the reasonable hire and profits of the slaves belonging to the estate, from the time of rendering his account to the Orphans' court in *Queen Anne's* county, in October, 1833, till they were disposed of in October, 1837, and that the jury had a right to add the amount of such hire or profits of said negroes, to the amount of the inventory as part of assets to pay debts, and by comparing the aggregate amount with the outstanding debts due by the deceased, to ascertain whether there is a deficiency of assets or not.   To the granting of which direction the defendant objected, because the evidence was vague, uncertain, and irrelevant, establishes no specific sum;

and has a tendency to mislead the jury in finding sufficient assets, when the contrary is manifest. The court granted the direction, and the defendant excepted.

3d EXCEPTION.—The defendant then prayed the court to instruct the jury, that upon the evidence offered to them, the petitioner is not entitled to her freedom, and that they must find a verdict for the defendant, because it is manifest, that the personal estate of the testatrix, independent of her negroes, was not sufficient for the payment of her debts, and that it would be to the prejudice of creditors, that the petitioner should be free under the will, which opinion and instruction the court (*Brice, Ch. J. Nisbet and Worthington A. J.*) refused to give, and instructed the jury, that it is a fact alone for them to decide, whether there is, or is not, a sufficiency of assets exclusive of the negroes to pay the debts of the deceased. If from the whole of the testimony they shall find that there was sufficient assets for the above purpose, they will find for the petitioner, otherwise for the defendant. The defendant excepted.

After a motion for a new trial overruled, the verdict and judgment being for the petitioner, the defendant brought the cause by appeal to this court, where it was argued before STEPHEN, ARCHER, and DORSEY, Judges.

J. SCOTT, for the appellant, contended:

For the several propositions specified in the several bills of exceptions, and which show the grounds taken in the argument of the cause on his part.

D. P. BARNARD, for the appellee, insisted:

1. Where an administrator acknowledges slaves to be in his possession, it is his duty to return an account of the amount of their hire, if hired out, or the value of their services if they remain in his possession, to the Orphans' court, and if he neglects to do so, it is competent for parties interested in the increase of the estate to shew by testimony, what is the reasonable value of the hire of negroes of like description.

2. That upon proof being given of the value of negro hire the jury may find, what the reasonable hire and profits of the slaves are, and add the same to the amount of the inventory in the hands of the administrator, as assets belonging to the estate for the payment of debts.

3. That where the Orphans' court, orders the administrator to sell such part of the negro property, as he may deem sufficient for the payment of the debts of the deceased, the administrator cannot proceed to sell all the negroes, unless such sale is necessary for the payment of debts; and where he makes his election from the slaves, and sells enough to pay the debt, his claim to the remainder, if there be any, ceases, and it is competent for any slave remaining unsold, in a petition for freedom under the will, to give in evidence the fact, that sales have already been made under the order of the Orphans' court, sufficient for the payment of the claims against the deceased.

4. That where evidence is given of claims against the estate, and also of matters properly chargeable as assets, the court cannot give a positive instruction to the jury to find for either party, but leave it with the jury alone to decide, whether there is a sufficiency independent of negroes to pay the debts of the deceased, and if there be a sufficiency, their verdict must be for the petitioner, if otherwise they must find for the defendant. He cited: Act of 1798, ch. 101; 1818, ch. 217, sec. 1, 2, making the hire and increase of negroes, assets. And *Hall vs. Griffith*, 2. *Har. and John.* 483. *Mann vs. State use. Thomas*, 3 *Har. and John.* 237. *Evans vs. Iglehart*, 6 *Gill and John.* 191. If evidence is vague, its effect for the jury. *Whittington vs. Farmers Bank*, 5 *Har. and John.* 495. The proceedings before the Orphans' court not conclusive, 3 *Har. and John.*

Dorsey, Judge, delivered the opinion of the court.

We see nothing to disapprove of in the decision of the city court in the appellant's *first* and *second* bills of exceptions. The inventory of the personal estate of the testatrix having shewn to the jury, that the appellant was in possession at

the date thereof of sundry negroes, men, women and girls, the property of said estate, in the absence of all proof of their having been out of his possession, coupled with the pre-sumption deducible from the order of the Orphans' court, of *Queen Anne's* county, that these negroes were still in his possession, the court very properly authorized the jury to charge the appellant, with hire or value of the services of the negroes, during the time they thus appeared to have been in his possession, and such hire was an appropriate item in estimating the personal assets of the deceased, exclusive of her negro property. If such hire was not received by her administrator, it was his duty to have shown by proof, an adequate excuse for his failure in not having done so. In fixing the hire or value of the services of the negroes in question, we can see no objection to the testimony offered by the petitioner in the appellant's first bill of exceptions. The objection to it for vagueness and uncertainty, we think by no means sufficient to destroy its admissibility.

The refusal of the appellant's prayer in the third bill of exceptions, and the instruction therein given to the jury meets our entire concurrence. The interest with which the appellant was chargeable, was a subject for the exclusive cognizance of the jury; the allowances claimed by him, and not sanctioned by the Orphans' court, were matters on which the jury were to pass, the amount to be allowed for the hire of the negroes, was a subject over which they had exclusive jurisdiction. To have withdrawn all these questions from the consideration of the jury, as the court by the appellant's prayer were called upon to do, would have been a most unwarrantable encroachment, upon the rights of that branch of our judicial system, to which is submitted the trial of all matters of fact. The ground most strongly urged against the claim of the petitioner, that her right to freedom, must depend upon the sufficiency of the personal assets of the deceased, at the moment of her death to pay all her debts, has nothing in reason or in law to support it. Had such estate at the death of the testatrix, been abundantly sufficient

to pay all her debts, but in the due course of administration, and before the assent of the administrator, to the freedom of the petitioner, and without any default on his part, the estate other than the negroes, had by subsequent events become wholly inadequate to the payment of debts, the petitioner's right to freedom would no longer have existed ; and if by events subsequent to the death of the testatrix, in the due course of administration, her estate at her death, greatly insufficient, should become sufficient, the right of the petitioner to her freedom could not be resisted.    To be a sound rule it must work both ways.

Had the jury in their verdict disregarded either the law or the facts of the case, the city court was the tribunal from which redress should have been sought.   There such an application was preferred but was overruled.   Approving of their decision we feel no inclination, even if we had the power, to arrest the execution of what we believe to have been a most righteous verdict.

Concurring with the court below, in their refusal and instructions in all the appellant's bills of exceptions, we affirm their judgment.

JUDGMENT AFFIRMED.