Josias Clements *vs.* Catharine Smith and Francis B. Burgess, Adm'rs of Francis Smith.—*June* 1850.

The right of a party who had purchased a slave, warranted by the vendor to be sound, but who proved to be unsound, to rescind the contract does not depend upon the fact that he returned or offered to return the negro within a reasonable time after the sale, but whether he did so within a reasonable time after he discovered the alleged fraud.

Where the defendants had offered evidence to show that the negro was unsound before the sale, it is admissible for the plaintiff to rebut this, by evidence going to show that he was sound at a particular time before the sale.

Where the appellant is not injured by an instruction, it is no ground for the reversal of the judgment, though it may have been erroneously granted.

The party defrauded has the option of acquiescing in the agreement or of avoiding it, but if he elect the latter, he is bound to manifest his determination within a reasonable time after discovery of the fraud.

A prayer which might mislead the jury is properly rejected, though, as an abstract question of law, it may be correct.

APPEAL from *Charles* county court.

This was an action of *debt* brought by the appellant against the appellees, administrators of *Francis H. Smith,* upon the following single bill :

"Six months after date, for value received, we, or either of us, promise and oblige ourselves, our, and each of our heirs, executors and administrators, to pay to *Josias Clements* or order, the sum of three hundred dollars.—Witness my hand and seal, this 25th day of August, 1845.—The erasures first made.

his<br>
Francis ⋈ Smith,<br>
mark.<br>
E. N. Stonestreet."

"Test.—*Wm. Matthews.*"

The defendants pleaded :—1st. Payment by the intestate in his life time. 2nd. That said single bill was obtained from said intestate by fraud, covin and misrepresentation, that is to say by the said plaintiff falsely and fraudulently representing to said intestate, that a negro slave which plaintiff had then sold to intestate, was then and there sound and healthy; and

defendants say, that said single bill was executed in the confidence and faith that said representations were true, and made *bona fide*. Wherefore they say said single bill was and is void in law, and this they are ready to verify.

The plaintiff joined issue on the first plea, and traversed the second, upon which traverse the defendant took issue.

1st Exception. At the trial the plaintiff offered in evidence the single bill, and then rested. The defendants then proved that the said single bill was given for the purchase money of a negro boy named *John*, purchased by intestate at the day of the date of said bill, at public sale, at which one *Joseph Stone*, since deceased, was the auctioneer; that said boy was put up by the auctioneer at request of plaintiff, as the property of the latter, and in offering him for sale the auctioneer warranted him to be sound; the boy and plaintiff were both present, and the auctioneer could be distinctly heard at the time of making his declaration of warranty. The defendants further proved by another witness who saw the boy the day after he was purchased, and had frequently had the boy in his service since, that the boy has not the free use of his limbs, and can do no good service; that his stomach is swollen, and he is and was from the time of intestate's purchase of him, defective in body and mind, and not worth more than his victuals and clothes. By another witness who was at the sale, that intestate had stopped bidding for the boy, and a higher bid had been offered, when the auctioneer asked intestate why he had stopped, who replied, he did not know if the boy was sound, and asked the auctioneer whether he was sound? to which the latter replied he supposed he was, but he would soon hear; that the auctioneer then stepped aside and spoke to some one, and presently returned saying that the boy was sound, and that he warranted him sound as a dollar; intestate then resumed bidding, and the boy was struck off to him. By another witness, that the boy is and has been, ever since his purchase, very infirm and of weak intellect, that he seems to be deformed, and cannot walk well; that no defect is discernible in the boy

when sitting or standing still, but is perceptible when he moves; witness thinks, from his knowledge of him, the boy would be a tax upon any one who owned him; he is more defective in body than in mind. By another witness, that plaintiff before the sale had offered the boy to witness's brother, who told plaintiff he would not buy him, that he was very defective both from whipping and deformity, that in witness's opinion the boy was worthless, and a tax upon any one who owned him; that when the boy is in his clothes, he looks tolerably well, and that the defects are shown upon examining him. They also proved that the value of a boy of his age, (about seventeen years,) varied from $300 to $400. Upon this testimony plaintiff prayed the instruction, that plaintiff was entitled to recover, unless defendants further proved that within a reasonable time after said sale, their intestate either returned, or offered to return the negro to the plaintiff; which the court (Crain, A. J.,) refused to give, and plaintiff excepted.

2nd. Exception. The plaintiff for the purpose of rebutting the testimony offered by defendants, proved by a competent witness that he raised said negro, and sold him in December, 1844; and then offered to prove by said witness, that at that time the boy was sound; but the defendants objected to this evidence of soundness or unsoundness of the boy in December 1844, which objection the court sustained, and plaintiff excepted.

3rd Exception. Plaintiff then prayed the court : 1st. To reject the whole of the foregoing testimony, under the pleadings in the case, but the court refused, and admitted *the testimony to go to the jury.* Under the second plea of defendants, upon the whole testimony, the plaintiff prayed the following instructions : 2nd. That if *Smith* knew immediately after said purchase, that the boy was unsound, the plaintiff is entitled to a verdict, unless the jury find that in a reasonable time after he knew of said unsoundness, he offered to return said boy to the plaintiff. 3rd. That if they find that *Smith* was induced to buy the boy by reason of plaintiff's warranting him sound,

and said boy proved to be unsound, and they also find that said warranty of soundness was the only inducement held out by the plaintiff to *Smith* to induce him to purchase the boy, then plaintiff is entitled to a verdict. 4th. That if they find that plaintiff did warrant the boy to be sound, and that he proved to be unsound, then plaintiff is entitled to a verdict, unless they find said plaintiff knew of said unsoundness, and fraudulently concealed the fact from said *Smith.* All of which the court refused to grant, and the plaintiff excepted.

4TH EXCEPTION. Upon the whole evidence the defendants prayed the instruction, that if the jury find that the note was given for the purchase money of the boy in question, and that at the time of sale the said negro was warranted by the plaintiff, or his agent, to be sound, and that *Smith* was induced to purchase the boy upon such representation; and that at the time of said sale the boy was in part unsound, then under the pleadings and evidence, the plaintiff is not entitled to recover; which the court gave, and plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before DORSEY, C. J., CHAMBERS, SPENCE, MAGRUDER, MARTIN and FRICK, J.

By DANIEL M. THOMAS and McLEAN, for the appellants, and

By CAUSIN for the apppellees.

SPENCE, J., delivered the opinion of this court.

In this case the court correctly rejected the plaintiff's first prayer. The defendants' right to rescind the contract, did not depend upon the fact that he returned, or offered to return the negro, within a reasonable time after the sale; but whether he did so, within a reasonable time, after he discovered the alleged fraud.

The court erred in rejecting the plaintiff's evidence in the second exception. The defendants had offered evidence to prove, that the negro man was sound before the sale, and without limitation of time, as to how long before the sale; and *Carter's* testimony was admissible to rebut that evidence.

The first prayer in the third bill of exceptions, asked the court to reject the whole of the evidence, as inadmissible under the pleadings in the case, which the court refused.

This evidence had been given to the jury, and was admissible upon the issues, and conceding that unless it had been followed up by other and further testimony, its legal insufficiency to prove the issue, for which it was offered, (which we by no means intend to decide,) yet inasmuch as the plaintiff was not prejudiced thereby, the decision of the court does not furnish a ground for reversal.

The court erred in not granting the second prayer of the plaintiff, in the third bill of exceptions; this prayer presented the law of the case correctly.

*Mr. Story* in his *Treatise on Sales, sec.* 159, states the law thus; "Ordinarily, therefore, and in all cases of sale, the party defrauding is bound by his agreement, if the party defrauded choose to hold him to it. The party defrauded has the option of acquiescing in the agreement, or of avoiding it; but if he elect the latter alternative, he is bound to manifest his determination within a reasonable time after the discovery of the fraud. But if after he discovers the fraud, he remain silent, under circumstances in which silence would indicate acquiescence; or if he act or deal in relation to the subject matter in such a mode as to imply a willingness to stand by his bargain, he is considered as ratifying it, and he cannot afterwards avoid it. If he would avail himself of the fraud to avoid the contract, he must exercise his right of rescission immediately upon the discovery of the fraud; for if after knowledge thereof, he deals with the subject matter of the contract as his own, he cannot repudiate the contract, although he should afterwards discover further circumstances connected with the same fraud."

The court were correct in rejecting the plaintiff's third prayer in the third bill of exceptions. The hypothesis of this prayer was imperfect, and did not present the question of fraud which was in issue in the case, and although as an abstract question of law it might be correct, yet as in this case it might have misled the jury, the court properly rejected it.

The court erred in refusing the fourth prayer in the third bill of exceptions, and granting the defendant's prayer in the fourth bill of exceptions, for the reasons assigned for reversing their judgment, on the plaintiff's second prayer, in the third bill of exceptions.

JUDGMENT REVERSED AND PROCEDENDO.