(Decided July 15th, 1859.)

---

# EDWARD REYNOLDS *vs.* Negroes JULIET and Others.

Where a bill of exceptions sets out no evidence, and contains nothing but a prayer which was rejected, the appellate court must intend that the court below acted properly in refusing the instruction.

Reynolds *vs.* Negroes Juliet, *et al.*

APPEAL from the Circuit Court for Calvert County.

*Petition for freedom,* filed on the 5th of May 1856, by the appellees against the appellant. The petition states, that the petitioners claim their freedom under the will of Mary Reynolds, which was filed therewith.

There does not appear to have been any proof offered in the case, and the bill of exception is as follows:

*Exception.* "The defendant offered the following prayer: We pray the court to instruct the jury, that the petitioners in this cause are not entitled to their freedom, because there is no evidence of the sufficiency of the estate of Mary Reynolds, (under whose will they claim their freedom,) to pay the debts due from the estate." This prayer the court (BREWER, J.) refused, and to this ruling the defendant excepted.

The verdict and judgment were in favor of the petitioners and the defendant appealed.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*A. R. Sollers* for the appellant.

The petitioners in this case claim their freedom under the will of Mary Reynolds. The only point presented to the court below was that contained in the defendant's prayer, to wit: that there is no evidence before the jury of the sufficiency of the estate of Mary Reynolds to pay the debts of her estate, independent of the petitioners.

Since the passage of the Acts of 1663, ch. 30, and 1715, ch. 44, a presumption is created that all negroes held as slaves are such, and the *onus probandi* is cast upon the negro who petitions for his freedom. 4 *H. & McH.,* 295, *Mahoney vs. Ashton.* Freedom is a legacy and regulated by the same laws that other legacies are regulated by. A legatee cannot take his legacy until all the debts due from the estate are discharged; and the presumption of the slavery of the petitioners can only be rebutted by showing a settlement of the estate, and by further showing, that there was a sufficiency of assets to discharge all debts due from the estate without resorting to the petitioners,

and this, we contend, it was incumbent on the petitioners to show affirmatively.

*A. B. Hagner* for the appellees.

It seems impossible that this court will reverse the ruling of the court below, as set forth in the exception in this case. The prayer constitutes the whole exception, and it contains no statement of the evidence adduced at the trial. This court will not reverse a judgment coming up on an appeal, unless they are convinced it is erroneous, and such judgment is *prima facie* correct. 6 *Md. Rep.*, 375, *Alexander vs. Macauley.* In the absence of testimony in the bill of exceptions, to the contrary, the Court of Appeals will intend that the court below acted properly. 4 *Md. Rep.*, 277, *Burtles vs. State, use of Turner.* 2 *Gill*, 442, *Richardson vs. The State.* 10 *Md. Rep.*, 346, *Giles vs. Ebsworth.* 12 *Md. Rep.*, 381, *Augusta Ins. Co. vs. Abbott.* How can this court say there was *no* evidence of the sufficiency of the estate of Mary Reynolds? If there was any evidence *tending* to prove a point, the court cannot say there was none. 1 *Gill*, 127, *Whiteford vs Burckmyer & Adams.*

But even if these objections were not conclusive of the matter, the question of law intended to be raised by the prayer should have been decided in favor of the petitioners, and the *onus* of proving that the manumission was in prejudice of creditors, rests upon the party making the allegation, and not upon the negro. 7 *G. & J.*, 96, *Allein vs. Sharp.*

TCUK, J., delivered the opinion of this court.

The exception contains nothing but a prayer offered by the defendant, which was rejected. According to the case of *Burtles vs. The State, use of Turner*, 4 *Md Rep.*, 277, we must, in the absence of testimony, intend that the court acted properly in refusing the instruction.

If there was any proof on the subject of assets, it ought to have been set out to enable the court to pass upon its legal sufficiency and relevancy to the issues on trial. If, as we presume from the prayer, there was none whatever offered, a

question as to the *onus* of proof might arise, on which we cannot pass in the present state of the record. It does not appear how the petitioners claimed their freedom, whether by will or deed of manumission; nor in what relation the appellant stood to the cause. See *Allein vs. Sharp*, 7 *G. & J.*, 96. *Wilson vs. Barnet*, 8 *G. & J.*, 159, and 9 *G. & J.*, 158.

*Judgment affirmed.*

Decided July 15th, 1859.

