AUGUSTUS D. CLEMENS *vs.* MAYOR and CITY COUNCIL OF BALTIMORE, use of VOLKMAR & WILD.

The defendant made certain objections to a book, offered in evidence, which objection the court below overruled. This book does not appear in the bill of exceptions. HELD:

That this court cannot decide upon the propriety of the refusal of the court below to sustain these objections; the presumption is, the ruling of the court below was correct, and unless there be error disclosed on the record, its action will be affirmed.

Proof that the *bills* for paving were served on the defendant, corresponding in amount with the inquisition formerly taken in the case, (which the record shows was $491,) and that the defendant promised to pay the amount of the bills less about $25, is sufficiently *definite* to enable the jury to find the sum for which the defendant was bound.

A claim for paving taxes may be recovered in an action of *assumpsit;* the declaration containing an *insimul computassent* count, which there is evidence to support, the suit is well brought.

Presentation of the bill for paving to the defendant, his acquiescence therein, and his promise to pay it, constitute an admission by him, that the necessary preliminary steps had been taken by the city, and that the paving had been done, and would authorize the jury to find a verdict for the plaintiff.

APPEAL from the Court of Common Pleas.

*Assumpsit,* brought on the 11th of January 1856, by the appellee against the appellant, to recover a paving tax for the paving of Fulton street. There was a judgment for the plaintiff, by default, and an inquisition taken, by which $491 were assessed as damages, but this judgment was subsequently stricken out by consent, and *non assumpsit* pleaded.

*1st Exception.* The evidence offered on both sides, as appears from the record, is fully stated in the opinion of this court. The evidence of the record, from the office of the Commissioners of Streets, having been taken subject to exception, the defendant presented the two objections which are also stated in the opinion of this court, and then asked the following instructions to the jury:

1st. That there is no evidence of any specific sum due the

plaintiff in this case, and, therefore, the plaintiff cannot recover.

2nd. If the jury find that the claim sought to be recovered is a claim for paving done for the City of Baltimore, on Fulton street, then the plaintiff cannot recover under the pleadings in this case.

3rd. If the jury find that the claim, in this case, is for paving of Fulton street, by and for the City of Baltimore, in order to recover, it is necessary for the plaintiff to offer in evidence proof, that the paving was done by virtue of an ordinance of the City of Baltimore, and must also show that the defendant owned property on Fulton street, and that the amount sought to be recovered was assessed against said property.

4th. If the jury find that the claim, sought to be recovered in this case, is for paving of Fulton street, and that such paving was done, and that the defendant owned property along the line of Fulton street, where the same was so paved, then in order to recover the plaintiff must show, in evidence, to the jury, that an assent, in writing, by a majority of the proprietors of the ground, binding on Fulton street, was given prior to such paving being done.

5th. That there is no sufficient evidence in the cause, that Fulton street was paved by the plaintiff, or that the defendant owned any property binding thereon.

The court (MARSHALL, J.) rejected all these prayers, and to this ruling the defendant excepted.

*2nd Exception.* This exception contains a prayer offered by the defendant, that the book offered in evidence, by the clerk of the city commissioners, does not furnish evidence to the jury, that the facts therein stated are true, so as to bind this defendant, but the court refused the prayer, overruled the objections and admitted the testimony, and the defendant excepted. The verdict was in favor of the plaintiff for $500, and from the judgment thereon the defendant appealed.

The cause was argued before ECCLESTON, TUCK and BARTOL, J.

27　v.16

*Benj. C. Barroll,* for the appellant, argued:

1st. That the book of the Commissioners of Streets was not competent evidence to prove that the proprietors of a majority of feet of ground on Fulton street made application to pave the same.

2nd. That the approval of the Mayor, as required by the 4th section of the Ordinance, No. 15, cannot be proved by the book of the Commissioners of Streets.

3rd. That there was no evidence of any specific sum due by the defendant.

4th. The declaration should have set out a claim for paving, averring a compliance with the ordinances, ownership of property on Fulton street, by the defendant, and an assessment against his property for such paving, for the amount sought to be recovered. 1 *G. & J.,* 480, *Mayor & C. C. of Balto. vs. Hughes.*

5th. To entitle the plaintiff to recover it ought to show an ordinance authorizing the paving of Fulton street; that the defendant owned property on that street, and that the amount sought to be recovered was assessed against such property.

6th. There was no evidence in the case that Fulton street had been paved, or that the defendant owned property thereon.

7th. The claim was for paving Fulton street, and if the defendant was under no legal obligation to pay, his promise was *nudum pactum.* There is no evidence *to whom* such promise was made, and its character is exceedingly indefinite, for it is said he promised to pay "the amount of the claim in the case." What amount that was is left without proof.

No argument was made for the appellee.

BARTOL, J., delivered the opinion of this court.

This action was instituted by the appellees against the appellant. The declaration contains the common money counts, a count for work and labor, and an *insimul computassent* count. The defendant pleaded the general issue.

Clemens *vs.* Mayor & C. C. of Balto., use of Volkmar & Wild.

The bills of exceptions state: "That the plaintiff proved by Wm. H. Cowan, a competent witness, that the defendant promised to pay the amount of the claim in this case, which amount the witness only knew from the bills that he had seen, some three or four of which bills he (witness) knew, had been served on the defendant, and he believed the amount to be about four hundred dollars; but that he knew well, the sum in the bills, and the inquisition heretofore taken in this case, correspond, and that the sum promised to be paid by the defendant, was some twenty-five dollars less than the amount of the said bills and inquisition. The *cestuis que use* were pavers, and the claim is for paving Fulton street for the plaintiff. The plaintiff then offered in evidence the following: (Here insert the record from the City Commissioners.)

"*Memorandum.*—The clerk having repeatedly called on the plaintiff's counsel for the record from the City Commissioners (referred to above) has been unable to obtain the same, up to the present time.

"Before the reading of the record of the Commissioners of Streets, as produced by the clerk of said commissioners, he, the said clerk, deposed that the original papers and proceedings, in the matter of paving Fulton street, had been lost, and that he could not find them, though he had repeatedly made diligent search for them in the place where such papers should be.

The defendant offered in evidence the Ordinance of the city of Baltimore, No. 15, entitled, 'An Ordinance establishing a system for grading, paving and repairing the streets, lanes and alleys in the city of Baltimore.' "

This constitutes the whole evidence in the case.

The defendant presented two objections to the record book of the city commissioners:

1st. That it was not evidence to prove to the jury that the proprietors of a majority of feet of ground on Fulton street, made an application to pave Fulton street, as in said book set forth.

2nd. That said book was not evidence that the Mayor of

the city of Baltimore approved, &c., as required by the 4th section of Ordinance, No. 15.

These objections were overruled by the court below.   In the absence of the record book of the proceedings of the city commissioners, this court cannot decide upon the propriety of the refusal by the Court of Common Pleas, to sustain the objections made by the defendant. ·

The presumption is that the court ruled correctly, and unless there be error disclosed on the record its action will be affirmed.  *Burtles vs. The State, use of Turner,* 4 *Md. Rep.,* 277.  *Reynolds vs. Negro Juliet and others,* 14 *Md. Rep.,* 118.    See, also, *Duvall vs. Peach,* 1 *Gill,* 173. *Thomas vs. Catheral,* 5 *G. & J.,* 23.

The defendant offered five prayers, all of which were refused; these are contained in the first bill of exceptions.   We find no error in the action by the court upon these prayers. The testimony of Mr. Cowan, the witness, proved that the bills for paving had been served on the defendant, and although he could not speak from recollection of the precise amount, he stated positively that the bills served on the defendant corresponded in amount with the inquisition formerly taken in this case, which the record shows was $491, on the 5th of June 1857.   Mr. Cowan further proved that the defendant promised to pay the amount of the bills, less about $25.   We think that testimony was sufficiently definite to enable the jury to find the sum for which the defendant was bound, and, therefore, the first prayer was properly refused.

The second prayer has been based, in the argument, upon the decision of the Court of Appeals in *The Mayor and C. C. of Balto. vs. Hughes' Adm'r,* 1 *G. & J.,* 480.  But there is nothing in that case to authorize the instruction asked for in the second prayer.   We think this suit is well brought.  The declaration contains a count on an *insimul computassent,* which the evidence of Mr. Cowan was sufficient to support. The presentation, to the defendant, of the bill for paving, his acquiescence therein, and his promise to pay it, was an admission by him that the necessary preliminary steps had been

taken by the city, and that the paving had been done, and would authorize the jury to find a verdict for the plaintiff. For this reason the 3rd, 4th and 5th prayers were properly refused. They ignore the facts deposed to by Mr. Cowan, and would have tended to mislead the jury. See *Clements vs. Smith's Adm'r, 9 Gill, 156, 160. Wilson, Adm'r of Owens, vs. Smith, 10 Md. Rep., 67, 75.*

In the second bill of exceptions is a prayer asked by the defendant, and refused by the court, predicated of the book of proceedings of the city commissioners; upon which, as we have before stated, we are unable to decide, as the contents of the book are not disclosed.

*Judgment affirmed.*

(Decided June 28th, 1860.)