Cumberland Coal and Iron Co. *vs.* McKaig and Gordon, Receivers, *et al.*

ing with the evidence, which it will be competent in the Court below to allow.

*Appeal dismissed.*

(Decided 21st June, 1867.)

---

THE CUMBERLAND COAL AND IRON COMPANY *vs.* THOMAS J. McKAIG AND J. H. GORDON, Receivers, and others.

### *Appeal—Practice.*   .

The question of the continuance of a cause is one addressed to the discretion of the inferior Court, and its decision thereon is not subject to review or appeal.

The rejection of evidence, the character of which is not stated in the record, or in any bill of exceptions, is no cause for reversal.

APPEAL from the Equity side of the Circuit Court for Allegany County.

In this case a petition was filed on the 19th day of November, 1863, by William Long and others, who sued for themselves, as well as for all other persons, employees of, or furnishers of raw material to Allen M. Sherman, and entitled to the lien provided by the first Article of the Code of Public Local Laws, sections ninety-nine to one hundred and three inclusive, who would contribute to the expense of the suit.   The petition stated that the said Sherman had been engaged in mining coal in Allegany

county from the first of January to the first of November, 1863, and the petitioners had been in his employ during that time, and he had become indebted to them in the several amounts particularly set forth in the petition; that said indebtedness, which amounted in the aggregate to more than twenty-five dollars, had existed for more than thirty days, and was still due and owing to the petitioners, and they therefore claimed to be entitled to the benefits in such case provided by the said Article of the Code of Public Local Laws. The petition asked for the appointment of a receiver or receivers to take charge of the affairs of said Sherman, with a view to their liquidation and settlement, under the authority of the Court, and that said receiver or receivers might be ordered to take possession of all the personal property of said Sherman, liable to said lien, to sell the same, and to bring the proceeds into Court for distribution under its order, and for general relief. In accordance with the prayer of the petition, on the 24th of November, 1863, the Court (WEISEL, J.,) passed an order appointing the appellees, McKaig and Gordon, receivers, who, having given bond as required, and the same being duly approved, took possession of the property of Sherman and advertised the same for sale. At this stage of the proceedings the appellants filed their petition, stating that the property so advertised, except a small part, belonged to them, and asked the Court to pass an order to suspend the sale until they could have an opportunity of establishing their full and complete ownership thereof. The Court accordingly passed the order as prayed. The receivers answered the petition, denied all its equities, and prayed the Court to revoke the order suspending the sale. On the 27th day of April, 1864, the Court passed a further order, setting the case down for hearing on the second Monday of July following, and authorizing the parties to take testimony by affidavits or under commissions to be issued for the

purpose, on ten days' notice, said proof to be returned and filed by the first Monday of the said July. No proof was taken under this order, nor any excuse given for not taking it; on the contrary, the appellants gave notice that they did not intend to take any testimony under the commission, but would offer it at the trial. The condition of the country, then in a state of war, prevented the session of the Court at the July Term, and the case was called for trial at the October Term following, when the appellants filed a petition asking for a continuance, which was resisted. On this application the Court delivered the following opinion:

In this case an order was passed on the 15th of March, 1864, on the petition of the Cumberland Coal and Iron Company, upon the receivers, to suspend the sale advertised by them until the further order of the Court, assigning the first day of April following for the receivers to answer said petition, and show cause why said sale should proceed.

This proceeding by a third party claiming the property in the receivers' hands against the defendant and his creditors, is not provided for by the law under which this whole proceeding is had. But the Court in its discretion, and as much to gratify the petitioner as to protect the receivers, over whom the Court, in equity proceedings (to which these are assimilated) has control, passed that order restraining the sale until further order, as well as the subsequent order of the 27th of April, 1864, providing for the taking of proof, and for the hearing of the matters in controversy under the petition of the Cumberland Coal and Iron Company. By the terms of the last named order either party had liberty to take proof by *affidavits or commissions after ten days' notice to the opposite party* or his solicitor, to be returned and filed on or before the first Monday of July, 1864; the said matters were by said orders set down for hearing on the second Monday of said

month ; and the former order suspending said sale was continued until said hearing and the further order of Court. The day for said hearing has passed, and the Cumberland Coal and Iron Company now appears and asks by its petition filed this day for further time, and another day to be fixed for said hearing. This is resisted on the ground that no steps were taken by the petitioner or his counsel to comply with the terms of the order of the 27th of April last, and no cause is shown for the omission.

The petition of to-day asking for further time certainly assigns no good reason for the delay. The cause was set down for hearing on the second Monday of last July ; the proof to be then used should have been taken in the manner prescribed in said order and returned and filed on or before the day therein named, for that purpose. No evidence was taken and filed, and no cause is shown why it was not done. The absence of the Judge on or after the day for the hearing and until the present term of Court, is no reason why the evidence should not have been taken and the cause put in readiness to be heard on the day fixed by the order or any day subsequent to it. And likewise the absence of other counsel, who may be associated with the present counsel of record for the petitioner, could only be urged for temporary and brief delay in case the evidence were in under the order. The solicitor for the petitioners claims in the argument to be heard upon oral testimony or documentary proof now to be adduced, though the petition alleges that the witness he desires to produce is beyond the jurisdiction of the Court. Such testimony if present and offered would not be in compliance with the previous order of this Court, under which the opposite party has rights which cannot be interfered with, without proper cause shown, and without the benefit of the notice which it secures to him. Such proof therefore the Court could not now admit and enter-

tain, without the consent of the opposite party, waiving his rights under said previous order. As ample time has been furnished for the production of the proof to sustain the allegations of claim by the Cumberland Coal and Iron Company, and the privilege accorded to it has not been complied with, and no good reason shown for the omission, the Court considers that the sale which it had suspended ought no longer to be deferred under the circumstances and law of this case. The purpose of the Act of Assembly would be defeated, if unusual delays were countenanced, by the depreciation of the species of property subjected to the lien, and the injury thereby both to creditors and the debtor.

In accordance with the views expressed in this opinion the Court denied the prayer for a continuance, and passed an order requiring the receivers to proceed to sell the property. Subsequently the Court (SMITH, J.,) passed a further order requiring the appellants to pay costs. From these two orders this appeal was taken.

The cause was argued before BOWIE, C. J., BARTOL and GOLDSBOROUGH, J.

*George A. Thruston* and *George W. Dobbin*, for the appellant.

The sole question for this Court under this appeal is, whether the order of the Court below, setting the case down for a hearing on a particular day, and authorizing parties to take testimony by affidavits or under commissions to be issued for the purpose, on ten days' notice, excluded all evidence on behalf of the appellants which was not taken in the modes stated in the order?

This question has become of graver importance since this appeal was taken, because the receivers have construed the determination of the Circut Court in this cause, (intended simply, as the appellants contend, as a dis-

missal of the petition,) to decide the title of the engine (part of the property taken possession of by them as belonging to Sherman) to be in them, and have since brought a suit in favor of one Barchus, a purchaser from them of said engine, and wheels, against the appellants, claiming fifteen or twenty thousand dollars damages, for the refusal of the appellants to sever said engine from the soil, and deliver the same to said Barchus, or to allow said Barchus to do so, maintaining that the decision of the Circuit Court in this cause estopped the appellants from denying said Barchus' title to said property, as purchased by him *for only* $1,000, *not yet paid,* under a sale made by them under the order of said Circuit Court, passed in this cause subsequently to the order, intended as a dismissal of said petition ; claiming that said last order adjudicated as between the receivers and the appellants, the property aforesaid to belong solely to the former.

To deprive the appellants of the right to offer evidence, material, competent and proper in suits at law or in equity, and such as had been frequently admitted in similar lien cases, both by witnesses, orally in open Court, at the trial, and by record evidence, the said order should at least have *positively, in terms, excluded all testimony,* of any kind whatsoever, *not* taken by affidavits or under commissions ; and even then such restriction would have been illegal and improper ; whereas, the order permits evidence to be offered under commissions, without stating that such shall be the only mode in which the same can be offered.

The practice in these lien cases has never been settled, evidence having been frequently received by the Court, from witnesses examined orally before it in open Court, in such cases, as well as parol and record evidence ; and in others, it has been taken under commissions, sometimes by agreement, and sometimes under orders of the

Court, passed for the purpose, as evidence usually is given either at law or in equity. No rule has been adopted by which either party is governed in the offering of his evidence in these cases. To deprive a party of so valuable a right, recognized by all Courts of law as the ordinary mode in which testimony is received in all cases, without a previous rule establishing the modes in which the same may be offered, and laying down some invariable practice, would be fraught with the greatest injustice.

In this case, the learned Judge who decided this cause below seems to have regarded the permission given to the appellants as an indulgence, and granted from the desire of the Court to protect the receivers, and that it was in the power of the Court to restrict the manner in every respect in which it would dispose of the petition. To allow a petitioner the opportunity to prove the case made by his petition, is not an act of grace.

After the Court had entertained the petition, it was obliged to proceed with and decide the matters of it, as if the appellants had been proper original parties to the cause.

The learned Judge seems further to have disposed of it, in the mode taken by him, because in so doing the rights of the parties were left undisturbed. But it is deemed and construed far otherwise, it being affirmed that such disposition by him has fully determined the ownership of the property to be in the receivers, though no evidence of title was offered by them, and though the Court would not allow the appellants to offer any evidence in their behalf, because the same was not taken in the modes prescribed in and by said order.

Even if the cause had been in equity, where the usual mode of taking all evidence is under a commission, and reducing it to writing, the records of the Court, at law and in equity, may be, on notice given, proven "*viva voce*" at

the hearing, or offered in evidence, without being proved under or contained in the evidence taken under a commission.      2 *Daniell's Chancery Practice*, (*American Edition of* 1865,) 877, 878; *Alexander's Chancery Practice*, 76, 77.

The appellants had given notice to the receivers and counsel for the plaintiffs in the cause that they would offer, besides oral testimony, the decrees and proceedings in No. 1286, on the docket of the Circuit Court for Allegany County, sitting in equity; and also in the cause wherein the appellants were complainants and the said Allen M. Sherman and others defendants, in which cases, particularly in the former, the title and complete ownership of said stationary engine and three wheels was adjudged to be the property of the complainants, the appellants here, as against said Allen M. Sherman, and all claiming under him; and in which the said Sherman, and all claiming under him, were perpetually enjoined from touching or intermeddling with, or assigning or disposing of the same; and in which cause, also, it was distinctly and clearly proven that the appellants had alone paid for the same property, and for its fixation to the soil belonging to them, and had never been paid one cent therefor by any person, in any manner.      But the Court refused to listen to said evidence, or permit the appellants even to offer it.

The order refusing a continuance, being in the discretion of the Court below, is not complained of; the objection made by the appellants is to the refusal on the part of the Court to receive any evidence; they therefore claim a reversal of the decision of the Court, disposing of said petition, and requiring them to pay the costs; and respectfully submit that this cause should be sent back, with permission to them to prove the subject matters of their petition in the usual mode in which evidence is admitted, either at law or in equity, and that they should be allowed the costs of this appeal.

*J. H. Gordon* and *Thomas J. McKaig*, for the appellees.

The learned Judge below properly assimilated this proceeding to a proceeding in equity. The appointment of a receiver, which the law requires, and the nature of his duties, support this view. *Edwards on Receivers*, 7. If this proceeding had been actually in equity, it would be considered in all respects regular and proper—the notice would be treated as sufficient. It will be presumed that the proceedings were in conformity with the rules of the Court. There is nothing in the record to show that the Court erred in its order, and the presumption is, the ruling of the Court below was correct, and unless there be error disclosed on the record, its action will be affirmed. *Clemens vs. Mayor & C. C. of Baltimore, use of Volkmar & Wild*, 16 *Md. Rep.*, 208.

The petition for a continuance did not show a proper case for a continuance; and even if it did, that was a matter in the discretion of the Court, from which no appeal will lie; and the same may be likewise affirmed of the order requiring the appellants to pay costs. *Owings vs. Worthington*, 10 *G. & J.*, 283; *Randall vs. Glenn*, 2 *Gill*, 430; *Calvert vs. Carter*, 18 *Md. Rep.*, 73.

BARTOL, J., delivered the opinion of this Court.

The decision of this appeal has been delayed in consequence of the unfortunate illness of our brother Goldsborough, whose co-operation in the decision has been necessary, as the cause was heard by three Judges only, and unanimity is required.

The result of our examination of the record is, that we are all of opinion there was no error in the action of the Circuit Court for which the appellants can properly claim a reversal. It is unnecessary to state at length the facts of the case, inasmuch as we concur in the views expressed by the Judge of the Circuit Court in his opinion sent up with the record.

The supposed error in his ruling consists in his refusal to continue the cause on the application of the appellants, to afford them an opportunity to adduce evidence in support of their claim to the property, after they had failed to avail themselves of the opportunity afforded them to take their testimony under the Court's order of the 27th of April, 1864. The question of a continuance was one depending upon the discretion of the inferior Court, and its decision thereon is not subject to review or appeal. But the appellant complains that the Circuit Court refused to allow the evidence to be given orally, or produced in writing at the hearing.

What the evidence was which was thus rejected is not stated in the record, or in any bill of exceptions, so that the appellate Court can determine upon its pertinency or materiality. Its rejection is therefore no cause for reversal. See *Clemens vs. Mayor & C. C. of Baltimore*, 16 *Md. Rep.*, 208, and cases there cited.

The appellees, under the order appealed from, will be entitled to sell only the interest of Sherman in the property in question, without concluding the rights of the appellants, if any they have to the same, leaving them free to assert that right against the purchaser, inasmuch as the question of right has not been heard and determined in this cause.

*Order affirmed*
*and cause remanded.*

(Decided 21st June, 1867.)