THOMAS *vs.* CATHERAL.—*December*, 1832.

In an action founded upon the special guaranty of a promissory note, brought
by the payee of the note against the guarantor, the wife of the maker of
the note is not a competent witness to prove the note void for usury in its
origin, without a sufficient release.

Where a witness was properly rejected by the County Court as incompe-
tent without a release, and a release executed and tendered at the bar,
objected to as insufficient, was held sufficient, and the witness admitted to
testify, this court upon appeal reversed the judgment, because the release did
not appear in the record, and therefore, they could not hold that the first
objection had been removed.

Usury is a question of fact for the determination of a jury. A note made
and endorsed in execution of a previous usurious agreement is tainted
with usury.

APPEAL from *Baltimore* County Court.

This was an action of *Assumpsit.* The declaration con-
tained three counts, upon a guaranty by *Catheral,* the ap-
pellee, upon the note set out in the evidence, in conformity
with the endorsement thereon. The defendant pleaded *non
assumpsit,* and issue was joined.

1. The plaintiff, at the trial, proved the following pro-
missory note :—" $110. Twelve months after date I pro-
mise to pay *Mary Thomas,* one hundred and ten dollars,
for value received. *Baltimore,* October 22d, 1820. *John
Gorham.*" He also proved the following endorsement, and
signature on the back thereof. " For value received, I un-
dertake and promise to guaranty the payment of the money
within mentioned, to the within named *Mary Thomas.—
Wm. Catheral.*"

The signature or endorsement was admitted to be in the
defendant's hand writing; and that the special guaranty
there above written, was written by the plaintiff's counsel
after said endorsement, and after the note had been placed
in the hands of the plaintiff's counsel to bring suit thereon,
and before suit was brought. The defendant then produced
as a witness *Sarah Gorham,* the wife of the drawer of the

said note, by whom he proposed to prove, that she was sent by her said husband for the purpose of effecting the loan, to secure which the said note was given, and that she did effect the same with the plaintiff for her husband, for twelve months, at the rate of 10 per cent. *per annum.* That the plaintiff agreed to loan $100 at that rate, and to take a note for twelve months, with security therefor, for $110, and that witness had, upon such contract, received the $100 of the plaintiff, who deducted from that amount a small bill, and paid her the balance. To the competency of which witness the plaintiff objected. And the court, *(Hanson, A. J.)* sustained the objection, and rejected the witness. The defendant then, in the further progress of the cause, executed to *John Gorham,* and delivered to the said *Sarah Gorham,* a release, (which release, however, formed no part of the record transmitted to this court.) The plaintiff still objected to the competency of the witness, because the release could not operate upon the costs alone, which might be recovered against the defendant; and because the paper was not tendered to, or accepted by the releasee, or by any agent authorised by him to accept the same. But the court overruled the objection, and was of opinion that the witness was competent to prove the matters for which she was offered. The plaintiff excepted.

2. The defendant further offered in evidence by the said *Sarah Gorham,* that in the year of 1820, and she believes in the month of September or October of that year, by the direction of her husband, *John Gorham,* she called upon the plaintiff to effect for him a loan of $100; that the plaintiff agreed to loan that sum to the said *John Gorham,* provided he would pay her ten dollars for the use of the said sum for one year, and would give a note, with good security, for the amount of such principal and interest; that is to say, a note with good security for $110. The witness was directed by the plaintiff to tell her husband that he could have the money on the terms as stated. That the witness

went back and told him what the plaintiff had said to her, and he immediately went out of the house. That the morning after this conversation and agreement, the witness received for her husband from the plaintiff, and delivered to him, a part of $100, the precise amount she does not remember. That on the day after she had so received the said part, she also received the balance of $100, from the plaintiff, who had deducted from such balance a small bill due the plaintiff by her husband. The whole amount received by the witness from the plaintiff, including the bill aforesaid, was $100. The witness had no knowledge of any money being paid or delivered by the plaintiff to her husband upon the contract, and that she received the money by direction of her husband. The witness further stated, that she had several conversations with the plaintiff after this suit was brought, who called on her about the suit against the defendant. That the plaintiff in such conversations requested her not to state the circumstances in relation to this case, but to try and waiver, as it would injure her the plaintiff; that she ought to waiver and not to state the circumstances, as the money was loaned to her husband. The defendant further offered in evidence by *T. S. Schoolfield*, the subscribing witness, that he witnessed the signing of the said note by *Gorham*, and the endorsement by the defendant, which endorsement was in blank. And also offered evidence by *Captain Mason*, and *Eliza Mason* his wife, that they were present at a conversation between the plaintiff and the witness, *Sarah Gorham*, when the plaintiff desired the said *Sarah* to waive it, and not to tell the circumstance so plain, for she had seen her lawyers, and was satisfied, if she did, she would be cast. The defendant's witness, *Sarah Gorham*, further stated, that she did not see the note, now sued upon, given or endorsed, nor was she present when it was so given or endorsed, nor does she know what occurred between her husband and the plaintiff when the note was given or endorsed by the said *Gorham* to the plaintiff; but the plaintiff stated to the

witness, that she had received the note for the $100 from her husband. This conversation was when the money was received. The plaintiff then prayed the opinion of the court, and their direction to the jury:—*First.* That if they believe that the note in question was made and delivered to the plaintiff by *Gorham,* and that the witness, *Mrs. Gorham,* was not present when the said note was delivered, nor does the witness know what consideration was given at the time the note was made, nor does she know whether any subsequent consideration was paid to her husband therefor, or not; nor what consideration passed to the defendant for the guaranty in question, so as to connect the said instrument, and the contract made at the time the note was given, with the previous conversations the day before, between the plaintiff and the witness, that then all such previous conversations ought to be laid out of view by the jury. *Secondly.* That if the jury believe, that there is no evidence before them that any usurious agreement was actually made between *Gorham* and the plaintiff at the time the said note was made and delivered by *Gorham* to the plaintiff, and that no usury was committed between the plaintiff and the defendant on the contract of guarantee, then the plaintiff was entitled to recover, notwithstanding the previous conversations between *Mrs. Gorham* and the plaintiff, respecting a loan for usurious interest. Which directions, and each of them, the court refused to give to the jury. The plaintiff excepted; and the verdict and judgment being against her, she appealed to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, ARCHER, and DORSEY, J.

*Johnson,* for the appellant.

There was no argument for the appellee.

BUCHANAN, Ch. J., delivered the opinion of the court.

Without a sufficient release it is superfluous to say, that *Sarah Gorham,* the wife of the maker of the note, was not a competent witness; and the paper stated to have been executed to *Gorham* as a release, and delivered to his wife, upon which she was admitted as a witness, not appearing in the record, we have nothing before us to show, that the objection to her competency was removed, and are therefore constrained to say, that for any thing appearing in the case, her testimony should not have been received.

As to the second exception, whether in point of fact, usury was committed or not, was a question for the jury, upon the whole of the evidence submitted to them; and whether there was an usurious agreement or not, entered into between the parties, at the time of making the note, or of the endorsement on the back of it, by the defendant, yet if the note was made and endorsed, in execution of a previous usurious agreement, it was tainted with usury; and that was a matter proper to be left to the jury. And there being no evidence in the record opposed to that of *Sarah Gorham,* the court did right in refusing both of the prayers contained in that exception, neither of them having any connexion with the question of her competency. But as the court did wrong in admitting her testimony, which formed the subject of the first exception, the judgment must be reversed.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**