# John C. Bryan Surviving Partner of De Coursey and Bryan, *vs.* Gerald Coursey use of Samuel W. De Coursey.

When a party goes to trial upon an admission of what an absent witness for the opposite party, if present, would prove, whether it be in the form of an affidavit, or by statement of the party at bar, he is concluded as to the matter of the affidavit or statement, and cannot dispute its truth at the trial. This is the effect of the act of 1787, ch 9, secs. 2, 3, and does not depend on agreement of parties.

If the testimony be material, and the court determines that the party has shown sufficient ground for a continuance, the other side may elect to continue the cause, or go to trial, conceding as true what his adversary says his witness, if present, would prove.

But though the party against whom such proof is offered cannot deny its truth, yet it must be within the issues, for the act of 1787, ch. 9, does not dispense with the rule that the *allegata and probata* must correspond.

The defendant asked a continuance because of the absence of a material witness, and the plaintiff waived a formal affidavit and offered to receive instead, defendant's oral statements on oath of what he expected his witness to prove, and interrogated him on that point. At the trial the defendant, after the plaintiff had closed, offered to prove the declarations of defendant, made while under the foregoing examination, as to the reason why the items set up in bar of the plaintiff's claim, were not stated in the account thereof, and all he had stated under said examination, in reply to questions asked by plaintiff's counsel. Held:

That this offer was properly rejected by the court below, because it did not state what the defendant had said his witness would prove; it must appear to this court that the evidence was proper to be received.

The judgments of an inferior jurisdiction will not be reversed except for errors apparent, and they will be sustained by every fair legal intendment in favor of their correctness.

Under the pleas of *non assumpsit* and limitations, to an action of *assumpsit*, the fact alone that the plaintiff had received goods of value from the store of defendant for a long period of time, for which he had never paid, is not admissible in evidence.

APPEAL from Queen Anne's county court.

This was an action of *assumpsit* by the appellee (the plaintiff below,) against the appellant (the defendant below,) to recover a sum of money due on account, &c. The account on which the plaintiff claimed was filed with the *nar.* The pleas were *non assumpsit* and limitations.

*1st Exception.* When the cause was reached on the peremptory call of the docket, the defendant, before a jury was drawn, asked for a continuance on the ground of the absence of Solomon Scott, one of his witnesses, and was about to make affidavit, in form, of the materiality of said Scott's evidence to him in the trial, but the plaintiff claimed the right of interrogating him, and waived the requirement of a formal written affidavit, if defendant were put on his oath and examined before the court. The defendant was accordingly sworn, and his counsel consented to his answering *ore tenus* under oath, but objected to the interrogation by the plaintiff, on the ground that the examination was for the court and not for the adverse

Bryan *vs.* Coursey.

party.  The court permitted the counsel for the plaintiff to proceed, and thereupon the said counsel asked the defendant what he expected the said Scott to prove?  To which defendant replied, he expected to prove by him that the plaintiff had had and received goods of value from the firm of De Coursey and Bryan, during all the time said Scott was clerk in the store of said firm, running through thirteen years, which goods the plaintiff had never paid for.  The plaintiff's counsel then asked defendant what goods the plaintiff had so had?  To which defendant replied, whiskey, brandy, tobacco, cakes, crackers and candies : he did intend to charge the plaintiff, and to look to him for the goods so had and received by him, and not contained in the accounts exhibited, with the reasons why the said goods were not charged in said accounts.  The trial of the cause then proceeded, and the plaintiff having offered evidence to establish his claim, the defendant proved by various witnesses, that the plaintiff was in the habit for the last five or six years of going to defendant's store and taking goods, &c., of the description above mentioned, at his pleasure, and that he was never seen to pay or offer to pay for any of said articles.  The defendant then called a member of the bar present at the time, and offered to prove by him the declarations of the said defendant, made whilst under the foregoing examination, as to the reasons why the items set up in bar of the plaintiff's claim, were not stated in the account thereof, and all that the defendant had stated under said examination, in reply to the questions asked him by the plaintiff's counsel.  To this offer the plaintiff objected and the court, (ECCLESTON and HOPPER, A. J.,) sustained the objection, and the defendant excepted.

There were three other exceptions taken, but as they were abandoned in argument by the appellant's counsel it is unnecessary to state them.  The verdict and judgment were for the plaintiff, and the defendant appealed.

The cause was argued before LE GRAND, C. J., MASON and TUCK, J.

*Richard B. Carmichael* for the appellant contended:

1st. That the admissions of counsel, made in certain matters, may be given in evidence at the trial. The general rule on this subject is stated in 1 *Greenlf. on Ev., sec.* 186.

2nd. The agreement of counsel in this cause, *before* the trial, to admit at the trial the defendant's statement, is such an admission as may be given in evidence. 1 *Meeson and Welsby,* 508. 7 *Car. and Payne,* 508. 5 *Car. and Payne,* 335. See also the act of 1787, *ch.* 9, *secs.* 2 and 3. If the proof shows that at the time the suit was instituted no cause of action existed, a plea or notice of set-off is unnecessary.

3rd. If the defendant had the right to continue the cause upon an affidavit, the court had no power to authorise any other mode of proceeding. The court intended to permit the exercise of this right, and was only prevented by the agreement of counsel. The defendant was about to make the affidavit when the plaintiff waived his right to claim it, and hence the defendant had a right to a continuance, or the admission of the facts in the verbal statement.

The materiality of the evidence proposed to be given is not a subject of inquiry by this court in this case, because they cannot see what that evidence is. The trial was brought on by the waiver of the affidavit, and the defendant went into the trial under the impression that the disputed facts were admitted.

The act of 1787, ch. 9, sec. 3, does not authorise such an examination as was here made. It only authorises an examination into the materiality of the evidence wanted, or whether the application was made for delay. The court could not inquire into the materiality of the evidence, unless the facts were in writing, and it is not pretended the motion was made for delay.

*Philemon B. Hopper, Jr.,* for the appellee.

The record discloses no such *agreement* of counsel, such as is contended for on the other side. The *reasons* referred to in the record are the reasons of the defendant himself, and

not what the absent witness would prove. The agreement, supposing it to exist, does not permit him to give in evidence his own reasons—to be a witness in his own case.

The court is to say after the affidavit is shown, whether it makes out a case for a continuance, if it does not the motion of course falls. But there is an alternative, that if the other side admit the facts stated in the affidavit, then the cause goes to trial with the *agreement* that such facts are admitted, and here is the point in which the record is defective; it shows no such *agreement.*

The exception was to the refusal of the court, 'to admit not only what the defendant said his witness would prove, but also what the defendant himself had said. This cannot be done. A party cannot be a witness in his own case, unless the other side offers to examine him as a witness. If a prayer contains some good law and some bad, the court is not bound to select the good and reject the bad, but may reject the whole.

TUCK, J., delivered the opinion of this court.

Our attention is confined to the first exception, the others having been abandoned. From this it appears that when the cause was called for trial, the defendant's counsel claimed a continuance in consequence of the absence of a material witness. The plaintiff's attorney waived a formal affidavit, and offered to receive instead, the defendant's oral statement on oath, of what he expected his witness to prove, and proceeded, with the permission of the court, and after objection made by the defendant's counsel, to propound interrogatories to the defendant as to what he expected to prove by the absent witness. The parties then went to trial, and after evidence by the plaintiff of his case, the defendant's counsel called a member of the bar, who had been present when the defendant made his statement, and "offered to prove the declarations of the defendant, made while under the foregoing examination, as to the reasons why the items set up in bar of the plaintiff's claim were not stated in the account thereof, and all that the defendant had stated under said examination, in reply to the

9     v.3

questions asked him by the plaintiff's counsel. To this offer the plaintiff's counsel objected, and the court sustained the objection." This is all the information we have on the subject, except that the record contains certain facts which the defendant stated, while thus interrogated before the trial commenced, his witness would prove.

The counsel for the appellee contends, that this evidence was inadmissible, because there was no agreement that the defendant's statement should be received as proof at the trial. We are of opinion that if a party goes to trial upon an admission of what a witness, if present, would prove, whether it be in the form of an affidavit or by statement of the party at bar, he is concluded as to the matter of the affidavit or statement, and cannot dispute its truth at the trial. This is the effect of the *act of* 1787, *ch.* 9, *secs.* 2, 3, and does not depend on agreement of parties. If the testimony be material, and the court determines that the party has shown sufficient ground for a continuance, the other side may elect to continue the cause or go to trial, conceding as true what his adversary says his witness, if present, would prove.

If therefore it appeared that this evidence was competent and had been rejected, because the plaintiff had not agreed to receive the defendant's statement as proof, we should say there was error in the ruling of the court below. But the offer does not state what the defendant had said his witness would prove. It should appear to us that the evidence was proper to be received; for although the party against whom the proof is offered cannot deny its truth, yet it must be within the issues.

The act of Assembly does not dispense with the rule that the *allegata and probata* shall correspond. The facts which the defendant had said his witness would prove, we think, were not admissible under the pleadings, and yet, accompanied by the circumstances under which the articles were taken by the plaintiff, and the reasons for not charging him with them, they may have been sufficient to show that he had no cause of action against the defendant. But these are not

stated in the offer on the part of the defendant, and they cannot be supplied in argument. In *Thomas vs. Catheral*, 5 *G. & J.*, 23, a witness was offered who was clearly incompetent. A release was executed to remove the objection, but it was not set out in the exception. The court said: "We have nothing before us to show that the objection to her competency was removed, and are therefore constrained to say, that for any thing appearing in the record, her testimony should not have been received." And in *Duvall vs. Peach*, 1 *Gill*, 172, the Court of Appeals could not decide, "whether the county court erred in refusing to let a record go to the jury because it was not made a part of the bill of exceptions," although the exception stated the character of the record and the purpose for which it was offered. "The principle is well settled, that the judgment of an inferior jurisdiction will not be reversed except for errors apparent, and that they will be sustained by every fair legal intendment in favor of their correctness." *State vs. Harrison*, 9 *Gill and Johns.*, 15.

*Judgment affirmed.*