## ELIZABETH CROSS vs. WILLIAM W. HALL.

An action of *assumpsit* was tried upon the pleas of *non assumpsit* and limitations, and upon both the verdict was in favor of the defendant. The plaintiff appealed from the refusal of the court, upon his motion, to strike out the latter plea. HELD, that conceding this ruling to be erroneous it is no cause of reversal, because the plaintiff has sustained no injury thereby.

A judgment will not be reversed at the instance of a party who could have gained nothing if the decision of the point appealed from had been in his favor.

Every fair legal intendment should be made in favor of the acts of an inferior jurisdiction.

APPEAL from the Circuit Court for Prince Georges county.

This was an action of *assumpsit*, brought by the appellant on the 12th of August 1850, upon a promissory note in her favor, dated July 26th, 1847, payable one day after date, signed by the appellee and another. The pleas were *non*

*assumpsit* and limitations. A *ne recipiatur* to the second plea having been overruled the case was tried at April term 1852, upon issues joined on both pleas, and a verdict was rendered for the defendant upon both.

*Exception.* The plaintiff, in support of the *ne recipiatur*, entered on the 9th of May 1851, produced several rules of court, one of which was: "If defendant neglects to plead by the rule day he shall not plead the act of limitations, unless the declaration shall be amended." Another fixed the rule day for the April term on "the first Monday in March." A third, that whenever a pleading was filed by the rule day, the clerk should lay a rule upon the adverse party to reply, "which rule shall go to the fourth day of the term next ensuing the laying of said rule, and any plea of limitations not filed within the said time shall not be received by the court;" and then proved that the declaration was filed on the 22nd of February 1851, when a rule to plead was immediately laid upon defendant by the clerk, but was not served upon him or his counsel, such not being the clerk's practice in any case; that the April term commenced the 7th of April 1851, and the court was in session on the 7th and 8th, but no cases were tried; that it then adjourned until the 19th of May, when it met, and defendant filed his plea of limitations on the 21st of May. The plaintiff insisted that this plea was not filed in time under said rules of court, because it should have been filed by the 4th day of the term next ensuing the filing of the declaration. The court, (CRAIN, J.,) overruled the motion, and refused to strike out the plea, being of opinion it was filed in time, as nothing was done on the trial docket until the 19th of May. The plaintiff excepted and appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*A. Randall* and *C. C. Magruder* for the appellant, insisted, that the plea was not filed in time. The court was actually in session *four* whole days *before* the plea was filed. It must

be filed at length and by the rule day. 2 *H. & G.*, 81, *Wall vs. Wall.* 9 *Gill*, 263, *Newcomer vs. Keedy.* The rule here was, that it should be filed "*within*" four days of the term next ensuing the laying of the rule to plead. After the plea was in, it was a flat bar, and it was therefore useless for us to contest the first issue of *non assumpsit*, hence the verdict on that plea was permitted to be given by default, and under the circumstances it surely ought not to prejudice our right to a reversal of the judgment, if the plea was improperly received.

*Thomas F. Bowie* and *John M. S. Causin* for the appellee. 1st. The rule of court required the rule to be laid *upon the party*, not entered merely on the record, which was all that was done here, we therefore had until the following November term to plead. 1 *Sandford*, 671. 2nd. We had four full days *exclusive* of the day of laying the rule, and counting the 7th, 8th, 19th and 20th of May as of the term, the fourth day did not expire until the 21st, when the plea was filed; it was therefore in time. 5 *Johns. Rep.*, 232, *Hoffman vs. Duel.* But the term, in fact, as to pleading and enforcing of rules, did not commence until the 19th of May. 9 *Gill*, 242, *Cushwa vs. Cushwa.* 3rd. But the court will not reverse the judgment and award a *procedendo*, because the verdict of the jury upon the plea of *non assumpsit* is conclusive upon the appellant, and he has therefore received no injury from the refusal of the court to strike out the plea of limitations. 1 *Md. Rep.*, 116, *Mudd vs. Harper.* 7 *H. & J.*, 257, *Bohn vs. Headley.* 6 *H. & J.*, 415, *Allegree vs. Ins. Co.*

TUCK, J., delivered the opinion of this court.

This is an action of assumpsit by the appellant against the appellee, and another, upon whom the writ was not served. The defendant pleaded non assumpsit and limitations. Issue was joined on the first plea, and the plaintiff entered a *ne recipiatur* to the second, on the ground that it was not filed in time. This having been overruled, the parties went to trial

on both pleas. The verdict on each was for the defendant, and judgment entered accordingly. The appeal is taken from the refusal of the court to strike out the plea of limitations.

We deem it unnecessary to express any opinion on this ruling of the court below, because it appears that the appellant did not thereby sustain any injury. It is settled that a judgment will not be reversed, at the instance of a party who could have gained nothing, if the decision of the point appealed from, had been in his favor. Here the jury have found that the appellee did not promise, as alleged by the appellant, in other words, that the defendant was not indebted on the cause of action declared on. Suppose that limitations had not been pleaded—(and this places the plaintiff in the same condition as if his *ne recipiatur* had been allowed,) he would have been bound by the verdict and judgment on the plea to the merits. That plea (limitations) being in, and the verdict on both being against the plaintiff, cannot affect the conclusiveness of the finding on the other. It is said, however, that no evidence was offered on that plea. The record is silent on the subject, but the jury have passed on that question, and we must presume that there was sufficient evidence before them. Every fair legal intendment, should be made in favor of the acts of an inferior jurisdiction. *State vs. Harrison,* 9 *Gill & Johns.,* 15. *Bryan vs. Coursey,* 3 *Md. Rep.,* 61. To send the case back, (even if there is error in the ruling of the court,) would be equivalent to our granting a new trial on the plea of non assumpsit, which might have been applied for in the county court, if there had been sufficient warrant for the motion.

*Judgment affirmed with costs.*