# John Hurst and John S. Berry, *vs.* John R. Hill.

After dissolution, one partner cannot, by a new contract in the name of the firm, bind his late partner, even when the consideration is a debt of the firm.

One partner cannot, after dissolution, impose new obligations on the firm nor *vary* the form or character of those already existing; he cannot *change* the form of the indebtment by giving a *new note* in the name of the firm.

Where a firm note was, after dissolution and after it was past due, renewed by one partner giving a new note in the firm name, such new note is a *new contract* which cannot bind the other partner.

A creditor cannot so deal with one of his debtors in a joint contract as to prevent or *delay* the latter's right to contribution against his co-debtor, in case of payment of the debt.

Where the verdict was against the plaintiffs on the plea of *non assumpsit*, the judgment will not be reversed on his appeal for any error in an instruction in regard to the plea of *limitations*.

Where limitations and *non assumpsit* are pleaded, a prayer on the part of the plaintiffs overlooking the evidence under the plea of limitations, and directing the jury to find for him, though they may believe the facts set up as a bar under that plea, is defective in not being confined to the plea of *non assumpsit.*

APPEAL from the Circuit Court for Anne Arundel county.

*Assumpsit,* brought by the appellants, on the 30th of July 1853, against the appellee and Levin Gardner, on a promissory note of John R. Hill & Co. in favor of the plaintiffs, for $904.65, dated the 8th of April 1850, and payable in six months.   The declaration contained a special count upon the note and the usual money count.   Gardner suffered a judgment by default, and Hill pleaded *non assumpsit* and *limitations.*

*1st Exception.* The plaintiffs proved that the defendants, Hill and Gardner, constituted the firm of John R. Hill & Co., which was dissolved shortly after May 1848; that the debt to the plaintiffs was originally contracted on partnership account; that the account offered in evidence exhibits the particulars and the consideration of the original debt, which account was closed on the 6th of May 1848, by a note in the firm name of John R. Hill & Co., at five months, for $791.56; that this note from time to time was renewed in the firm name, with interest added, until the 8th of April 1850, when the note in suit was given also in the firm name; that the original note and all the renewals were given by Gardner, and Hill was not present on any occasion; that for some time after the dissolution, Gardner continued the business and continued to deal with the plaintiffs.   The defendant then asked the following instruction to the jury:

That if they find from the evidence that the last note executed by Gardner was made by him in the name of the firm, on the 8th of April 1850, then it is no such acknowledgment of indebtedness as will relieve this suit from the bar of the statute of limitations, upon the ground that the acknowledgment must be construed as being made on the 8th of April 1850, and the suit not being instituted until the 30th of July 1853, more than three years had elapsed from the date of the acknowledgment prior to the institution of the suit.   This instruction the court (BREWER, J.) gave, and to this ruling the plaintiffs excepted.

*2nd Exception.* The defendant then offered, under the plea of *non assumpsit,* evidence tending to prove his infancy during

and after the dissolution of the partnership; and the plaintiffs then asked the following instruction:

If the jury find that the note sued on was given by Gardner; that Gardner, with the defendant, Hill, formed the partnership of John R. Hill & Co.; that the consideration of the note was a debt due from said partnership for goods furnished during its continuance, and in renewal of a previous note for the same debt of the 6th of May 1848; then the plaintiffs are entitled to recover, although they find that during the existence of said partnership the said Hill was an infant, unless they further find that within a reasonable time after he arrived at age he gave notice of the disaffirmance of said debt. This instruction the court refused, and to this ruling the plaintiffs excepted.

The verdict was for the defendant upon *both issues.* The plaintiffs then moved for a new trial, because the verdict was against the evidence in the cause and against law. This motion the court overruled and gave judgment for defendant, from which the plaintiffs appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Brice T. B. Worthington* and *Frank H. Stockett* for the appellants, argued:

1st. That the promise by Gardner, in the name of the firm, on the 8th of April 1850, to pay the debt six months thereafter, was effective to give a right of action to the plaintiffs only at the expiration of that time and not at the *date* of the note, and the suit having been brought within three years after the right of action accrued, the plea of limitations could not be maintained. One partner has the power to *revive* a debt by a promise after dissolution, (7 *Gill*, 85, *Ellicott vs. Nichols,*) and much more to *continue* the liability before the debt is barred. 11 *Pick.*, 400, *Cady vs. Shepherd.* 7 *Greenlf's Rep.*, 26, *Getchell vs. Heald.* 1 *Peters*, 351, *Bell vs. Morrison.* See also on this point, *Story on Part.*, secs. 325, 326, 328. 1 *Taunt.*, 104, *Wood vs. Braddick.* 7 *Wend.*, 441, *Patterson vs. Choate.* 1 *H. & G.*, 471, *Murdock vs. Winter.* 2 *Hawks.*,

51      v.8

209, *McIntire & Co.,* vs. *Oliver.* 2 *Dev. & Batt.,* 371, *Fall* vs. *Sheckell.* 6 *Gill,* 82, *Guy* vs. *Tams.* The acknowledgment must contain a promise, either express or implied, (4 *G. & J.,* 509, *Frey* vs. *Kirk,*) and it is the latter which gives the right of action, the acknowledgment being only *evidence* of the *promise.* The note sued on was, therefore, an acknowledgment *evidencing* a promise to pay at its *maturity,* and from that time only the statute began to run, and not from the date of the note.

2nd. The law of the plaintiffs' prayer in the second exception is correct, and this instruction should have been granted. *Story on Part.,* sec. 7. 8 *Taunt.,* 35, *Holmes* vs. *Blogg.* 5 *Barn. & Ald.,* 147, *Goode, et al.,* vs. *Harrison. Bissett on Part.,* 2.

*A. B. Hagner* and *A. Randall* for the appellee, argued:

1st. That the question raised in the first exception as to the effect of the statute of limitations, is not *now* material to the argument of the cause in this court, because the jury have found a verdict for the defendant upon the issue of *non assumpsit,* and the appellants have not therefore been *injured* by any ruling as to the plea of limitations, even if such ruling were erroneous, and this court will not reverse the judgment therefor. 1 *Md. Rep.,* 115, *Mudd* vs. *Harper.* 4 *G. & J.,* 467, *Berry* vs. *Harper.* 4 *Md. Rep.,* 426, *Cross* vs. *Hall.* 5 *Do.,* 433, *Stewart* vs. *Spedden.* But there is no error in this ruling, because the note sued on is a *new contract* made *after dissolution* by one partner in the *name of the firm,* by which he seeks to bind his late partner, which he has *no power* to do, even where the consideration is a debt of the firm. *Collyer on Part.,* sec. 540, *note* 2, sec. 545. *Story on Part.,* secs. 322, 323, 324, 329. *Bissett on Part.,* 91, 97. *Carey on Part.,* 186, 187. 7 *Gill,* 100, *Ellicott* vs. *Nichols.* 1 *Hill,* 572, *National Bank* vs. *Norton.* 1 *Md. Rep.,* 206, *Dorsey* vs. *Dashiell.*

2nd. As to the plaintiff's prayer in the second exception: It is defective in form in many particulars. It takes no notice of the plea of limitations, but directs the jury to find for the plaintiffs notwithstanding they may find the debt barred by the statute. It does not require the jury to find any debt due the

plaintiffs or that a note was given to them. It assumes the power of Gardner to make the note so as to bind the firm after dissolution. It takes from the jury the right to consider the evidence offered by the plaintiffs themselves, showing that the debt was Gardner's *individual debt.* It places the burden of proof on the wrong party, for the *onus* of showing affirmance is on them and not on him to show disaffirmance. There is *no evidence to show when* Hill attained age, or *that he ever* knew of the existence of this debt which he is thus called upon to disaffirm, but on the contrary they have proved that he knew nothing of it. These are the objections to the *form* of the prayer. There are objections also to the *law* of it. This is the case of a dissolution of the partnership during the infancy of the defendant, who *continued* an infant after the dissolution. Before the contract can be binding upon the infant it must be *affirmed* by him, and the *onus* of showing such affirmance is on the party who seeks to enforce the contract against the infant. *Bissett on Part.*, 2. *Collyer on Part.*, *secs. 12, note,* 528, 529. *Story on Part., sec. 7. Carey on Part.*, 4. 2 *Hill*, 120, *Bigelow vs. Grannis.*

Tuck, J., delivered the opinion of this court.

The point to be considered on the defendant's prayer is, whether, upon the proof stated, he was liable on the note made by Gardner, in the name of the firm, on the 8th of April 1850, after the partnership had been dissolved.

Upon the propriety of this instruction we entertain no doubt. The decided cases show very clearly, that one partner cannot, by a new contract, in the name of the firm, bind his late partner, even when the consideration is a debt of the firm. In *Ellicott vs. Nichols*, 7 *Gill*, 100, the Court of Appeals said, "the doctrine is fundamental, that from the moment the partnership terminates the partners become distinct persons with respect to each other, and that, consequently, one partner can have no power to subject, by his acts or declarations, his former associate to new obligations, burdens or responsibilities;" and in 3 *Kent's Com.*, 62, "One partner cannot impose new obligations on the firm, nor vary the form or character of those

already existing." The same doctrine was announced in Bell vs. Morrison, 1 Peters, 351. Conceding that he may acknowledge a debt of the partnership after the dissolution, and thereby continue the liability of the other partners, where the cause of action is not barred by the statute of limitations at the time of the acknowledgment, it is certain that the claim can be enforced only in the form in which the debt stood at the dissolution. Carey on Partnership, 187, 188. Collyer, secs. 540, 541. Story on Part., secs. 322, 323, 324. He cannot change the form of the indebtment by giving a new note in the name of the firm. Perrin vs. Keene, 19 Maine, 355. National Bank vs. Norton, 1 Hill, N. Y. Rep., 572.

That the note now sued is a new contract is very plain. The note held by the plaintiffs when the firm was dissolved was past due when the present one was given by Gardner to them. By it the time was extended, without the consent of Hill, which not only prevented him from paying the debt, if he had sought to do so, before the expiration of the time limited in the note for payment, unless the plaintiffs had chosen to receive payment in advance; but if he had paid he could not have enforced his claim for contribution against Gardner until after the day of payment. A creditor cannot so deal with one of his debtors in a joint contract as to place the co-debtor in such a predicament.

In either aspect of the question the appellant must fail. If reliance be placed on the note as giving a new cause of action, as of the time limited for its payment, the answer is, that Gardner had no authority, under the law, to bind Hill by this new contract. And if they accepted the note as an acknowledgment of the original debt, they must be bound by the application of the statute, at the expiration of three years from its date, for it certainly cannot operate with any greater effect as against this appellee; and, according to this view, it is conceded that the plaintiffs suit was barred.

Independently of these views the judgment could not be reversed on this instruction, because, according to the record, the plaintiffs failed upon the issue on the plea of non assumpsit. Cross vs. Hall, 4 Md. Rep., 426.

What has been said in reference to the defendant's prayer must dispose of the ruling of the court on that offered by the plaintiffs. If, as we have shown, the defendant was not liable on the note at all, for want of authority in Gardner to make it, it is immaterial whether he disaffirmed this debt or not after his arrival at age. Besides, the prayer is fatal to itself in overlooking the evidence offered under the plea of limitations. According to the instruction, as prayed, the jury might have found for the plaintiffs, notwithstanding they might have been satisfied of the truth of the facts set up as a bar under the statute. The prayer is too general in not limiting the finding of the jury, upon the hypothesis there stated, to the plea of *non assumpsit.*

*Judgment affirmed.*