## ALEXANDER *VS.* DENNIS.

**1.** Where one gets possession of the property of another, by false-ly and fraudulently representing to him, that a promissory note given in exchange for the property was good, and would be paid; when the holder knew it was worthless, he is not entitled to notice of non-payment.

**2.** A contract tainted with fraud, is not binding on the party in-nocent of the fraud.

**3.** Where one sells property for paper which is represented to be good, but which is worthless, and known to be so by the hold-er: the injured party may treat the contract as a nullity, and bring trover for the property, or an action of deceit—when the measure of damages will be the injury sustained in conse-quence of the fraud.

**4.** The necessity of notice to the assignor, of the non-payment of an assigned promissory note, only arises from contract, ex-pressed or implied.

Error to the Circuit court of Lowndes.

Case for deceit, tried before *Harris*, J.

This was an action of trespass, on the case brought by the defendant in this court, against the plaintiff.

The declaration, in substance, alleges that the defend-ant in error sold the plaintiff in error eight mules, of the value of eight hundred dollars, in consideration of which, the plaintiff in error transferred to him by delivery, a promissory note for nine hundred and thirty-three dollars, made by John Fisher and Benjamin F. Johnson, and pass-ed to one Stephen Jones, and by him endorsed to the plaintiff in error; which note had been then due more than a year.

It is also averred, that the plaintiff in error falsely and fraudulently represented to the defendant in error, that the said note was a cash note, and that the makers and endorsers thereof were wealthy and responsible men, when in truth the makers of the note were insolvent, and the endorser released by laches, which insolvency and release from liability, it is alleged the plaintiff in error well knew, when he made the representations aforesaid.

The jury found a verdict for the plaintiff below, upon which judgment was rendered. On the trial of the cause in the court below, a bill of exceptions was taken to the opinion of the court, which is as follows:

"On the trial of this cause, there was no evidence to prove that plaintiff ever demanded payment of either the maker or endorsers of said note, or ever gave notice of the refusal to pay said note, and in the absence of such proof, defendant requested the court to charge the jury, that unless they believed that plaintiff had demanded payment of the makers of the note, he could not recover in this suit—which the court refused to charge. There was evidence that Fisher, one of the makers, had paid fifteen dollars on said note, to plaintiff."

To the refusal of the court to give the charge moved for, there was an exception, and the matters of law arising thereon, are assigned for error in this court.

*Dargan*, for plaintiff in error.
*Cook*, contra.

ORMOND, J.—The question presented in this case is, whether a person who gets possession of the property of

another, by falsely and fraudulently representing to him that a promissory note, which was given in exchange for the property, was good, and would be paid, when in fact he knew that it was worthless—is entitled to notice of the non-payment of the note. If he be entitled to notice of the dishonor of the note, it must be on the ground, that the contract, though tainted with fraud on his part, is binding on his victim. But we are clear that the fraud vitiated the contract, and that the defendant in error had the right to rescind it, or rather to treat it as nullity, and bring his action of trover for the mules, or as in this case, an action for the deceit, where the measure of damages would be the injury he had sustained by the fraudulent conduct of the defendant in error.

It follows, that he was under no necessity to give notice of the non-payment of the note. The necessity so to do could only result from a contract, express or implied—(See Read vs. Hutchinson, 3 Campbell's N. P. 352.)

We express no opinion as to the rights or obligations of the parties, had the contract been valid.

The judgment is affirmed.