# Albert B. Berry *vs.* Robert B. Griffin and others.

An instruction was asked, that if the jury find that the plaintiffs accepted or received the note "in settlement for, *or* in payment of the account sued on," then the defendant is entitled to a credit for the amount of the note, "although the drawer and first endorser were," subsequently, "applicants for the benefit of the insolvent laws." HELD:

That the alternative form of this prayer clearly assumes it to be sufficient to discharge the defendant from responsibility on the account to the amount of the note if the plaintiffs received the note *in payment of the account*, and for this reason is erroneous.

The receipt of a note "*in payment of the account*" is not a satisfaction or extinguishment of the original claim, unless there is evidence, in addition to the receipt in those terms, of an agreement that the creditor was to receive the note *as payment* and to run the risk of its being paid.

APPEAL from the Circuit Court for Prince Georges county.

*Assumpsit* brought by the appellees against the appellant upon an open account, commencing the 8th of May 1845, and ending the 10th of October 1846. Pleas *non assumpsit* and limitations.

*Exception.* The plaintiffs proved the sale and delivery of the goods specified in the account. The defendant proved, that on the 8th of May 1845, he passed to the plaintiffs his own note for $266.48, the amount of the bill of goods that

day made, and certain collaterals amounting to $102.68. The plaintiffs then, to show that this note and collaterals had not been paid, offered in evidence the following entry in their books:

"*July 27th,* 1846.   Bills receivable.   To Albert B. Berry: "J. B. Brooks' note at 10 months from 29th Nov. 1845, $250." And proved that James B. Brooks, the maker, and Wm. B. Brooks, the first endorser, of this note, applied for the benefit of the insolvent laws, the former on the 9th of November 1847, and the latter on the 31st of December 1846; that they had recovered judgments on this note against the two Brooks', and had brought suit against the defendant, who was the last endorser on it, which suit was *non prossed* in April 1849. The plaintiffs then, at the trial, offered to return this note to the defendant and the judgments against James B. and William B. Brooks.

The defendant then offered two prayers, the first of which was granted and need not be stated, but the court, (CRAIN, J.,) refused the second, which is fully stated in the opinion of this court. To this refusal the defendant excepted, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., ECCLE-STON and MASON, J.

*Samuel H. Berry* and *Thomas G. Pratt* for the appellant, argued:

1st. Although it is conceded that a debtor upon open account, by passing to his creditor his own note, the note of a third party, or any other security of equal dignity, would not thereby discharge his original indebtedness, yet, where such note or other security is passed in absolute payment of the account, his liability upon the account is thereby discharged. 6 *H. & J.,* 166, *Patapsco Ins. Co. vs. Smith.*

2nd. That whether the note in this case was passed by the appellant and received by the appellees in payment of so much of their account, is a question of fact which the court below erred in withdrawing from the consideration of the jury.

6 *G. & J.*, 63, *Crawford vs. Berry.*  6 *H. & J.*, 166.  7 *H. & J.*, 409, *Wyman vs. Gray.*  1 *H. & G.*, 252, *Sanderson vs. Marks.*  2 *Gill*, 481, *Harlan vs. Brown.*  3 *Do.*, 278, *Isaac vs. Williams.*  5 *Md. Rep.*, 396, *Yates vs. Donaldson.*

*R. B. B. Chew, S. B. Hance* and *C. C. Magruder* for the appellees, argued that there was no error in refusing the instruction asked for by the appellant.

1st. Because there was no evidence upon which to base it: the appellant failed to prove that the note of Brooks was received as absolute payment of the account by the appellees, as it was necessary for him to have done to warrant the court in conceding the view of the prayer.  2 *G. & J.*, 164, *Ches. Ins. Co., vs. Allegre.*  7 *H. & J.*, 279, *Riggin vs. Palapsco Ins. Co. Ibid.*, 220, *Barger vs. Collins.*  2 *G. & J.*, 493, *Glenn vs. Smith.*  11 *Do.*, 11, *Moale vs. Hollins.*  6 *Do.*, 71, *Crawford vs. Berry.*  5 *Md. Rep.*, 389, *Yates vs. Donaldson.*  4 *Do.*, 499, *Marshall vs. Haney.*  9 *Do.*, 118, *Gaither vs. Myrick.*

2nd. Because the only evidence offered that the note of Brooks had any connection whatever with the account sued on, was the entry on the plaintiffs' books of July 27th, 1846, and it being in writing was for the judgment and consideration of the court as matter of law and not for the consideration of the jury as matter of fact.  5 *H. & J.*, 306, *Ferris vs. Walsh.*

Eccleston, J., delivered the opinion of this court.

This appeal has been taken for the purpose of reversing the judgment below, upon the ground that the court erred in refusing to give the following instruction at the instance of the defendant:  "That if the jury find from the evidence in this cause, that the plaintiffs accepted or received the note of said James B. Brooks in settlement for or in payment of said account sued on, that then the said defendant is entitled to a credit for the amount thereof, although the drawer and first endorser were applicants for the benefit of the insolvent laws, the first on the ninth day of November 1847, and the latter on the 31st of December 1846, after the said note matured, and obtained final discharges."

It is not at all necessary to decide whether there is or is not sufficient evidence to sustain the position set forth in the prayer, because there was no error in refusing it, no matter how strong the proof may be. The legal proposition asserted is, that if the jury believe the plaintiffs either accepted or received the note of Brooks, either in settlement for, *or* in payment of, said account sued on, then the defendant is entitled to a credit for the amount of the note, notwithstanding the subsequent insolvency of the maker and first endorser. The alternative form of the prayer clearly assumes it to be sufficient to discharge the defendant from responsibility on the account to the amount of Brooks' note, provided the jury should believe the plaintiffs received the note in payment of the account. Now suppose the evidence shows, beyond doubt, that the plaintiffs did so receive it, would that exonerate the defendant, to the extent of the note, from his original liability upon the account, notwithstanding the insolvency of the parties upon the note? It surely would not if the decisions in *Glenn vs. Smith,* 2 *G. & J.,* 493, *Crawford vs. Berry,* 6 *G. & J.,* 71, 72, and *Yates vs. Donaldson,* 5 *Md. Rep.,* 396, are to be considered as good law. In the first of those cases it will be seen, that at the foot of an account is the following receipt: "Received of Mrs. Ann Haslett, executrix of William W. Haslett, two promissory notes signed by herself and endorsed by John W. Glenn & Co., in payment of the above account." And yet, on page 512, we find the court, whilst speaking of this receipt, saying, "To give to the acceptance of a note the effect of an absolute payment, or extinguishment of a debt, a contract that it should be so, must be shown; an express agreement to receive it as payment and to run the risk of its being paid, which is not sufficiently done by the receipt in this case to justify us in saying, that the claims of John Heslip against the estate of William Haslett, was extinguished by his acceptance of Ann Haslett's notes." Prior to this remark Ch. J. Buchanan has referred to several cases showing that an acknowledgment of having accepted or received a note *in payment* of a prior indebtedness, will not extinguish the prior claim, unless such accepting or receiving is under an agree-

ment to take the note as payment and to run the risk of its being paid. In one of those cases, (*Putnam vs. Lewis, Adm'r of Lewis,* 8 *Johns. Rep,* 389,) the plaintiff having a claim against the estate of the defendant's intestate received the defendant's note for the amount and gave him a receipt in these terms: "Received of George R. Lewis $53.96, it being in full of all demands which 1 have against the estate of Eber Lewis, deceased." And although the note was not mentioned in the receipt, and therefore might seem to be treated as money, still it was decided that the note did not extinguish the debt.

In *Crawford vs. Berry* the court say: "If the appellee sold the oxen to the appellant and received the single bill of Magruder on that account, without an agreement to receive it *as payment* for the oxen, and to run the risk of its being paid or not, it was not an extinguishment of the debt due for the oxen, which continued liable to be enforced if the assigned bill, without *laches* on the part of the appellee, should not be paid."

In *Yates vs. Donaldson* it is said: "The principle is well settled, that the acceptance of a security or undertaking of equal degree, does not extinguish the former debt, unless it be received in satisfaction, or be intended as an abandonment of the remedy on the first contract."

If any legal principle can be well settled by repeated uniform decisions, the cases which have been referred to must be sufficient to show, that where an account is due and the creditor receives from his debtor a promissory note "in payment of the account," giving a receipt in those terms, the note is not a satisfaction or extinguishment of the original claim, unless there be evidence, in addition to the receipt, for the purpose of proving an agreement that the creditor was to receive the note *as payment* and to run the risk of its being paid. The prayer before us is not consistent with the principle above stated. Had it been granted in its alternative form, one of those alternatives would have instructed the jury, that if they should find the plaintiffs received Brooks' note *in payment* of the account sued upon, then the defendant is entitled to a credit for the amount of the note, although, after its maturity, the

maker and first endorser *became* applicants for the insolvent laws and were finally discharged as such.

The proposition submitted in the prayer is not, that if the jury believed the note was received *in payment*, although the maker and first endorser *might* afterwards become insolvent, then the defendant is entitled to a credit for the note, but that if the note was received in payment then it should be a credit for the defendant, although the, parties mentioned *did* afterwards become insolvent.

It is unnecessary to decide whether the instruction is right or not, in regard to the note having been accepted or received in settlement for the account, because even if the view of the defendant in that respect is correct, still as the other alternative of the prayer is erroneous the court were right in refusing it: the judgment will therefore be affirmed.

*Judgment affirmed.*