### DAVID H. HOOPES *vs.* VICTOR STRASBURGER.

*Payment.—Right of a Vendor who takes the note of a third party in Payment, which proves worthless, to affirm the Sale where the Vendee is guilty of fraud, and sue in Assumpsit for the price of the goods.*

If a party accept from his debtor a note or bill of a third person, and agree to receive it absolutely as payment, and to run the risk of its being paid, the original debt will be thereby paid and extinguished.

The plaintiff sold and delivered certain goods to the defendant for a stipulated price, a part of which was paid in cash, and agreed to accept in payment of the balance, a note of a third party, and run the risk of its being paid, relying upon the representations of the defendant, who stated that the note was good, and would be paid at maturity. The note was not paid at maturity, and proved worthless, the drawers having failed several days before it became due. On the day of its maturity the plaintiff notified the defendant of its non-payment, and of the failure of the makers, and demanded of him payment of the balance due on the goods sold.

In an action on the original contract, it was HELD :

1st. That if the agreement to accept the note as payment, was induced by the fraudulent misrepresentations of the defendant, such fraud rendered the receipt given by the plaintiff invalid, and he had the right to affirm the sale and sue in *assumpsit* for the price of the goods.

2nd. That in the absence of fraud on the part of the defendant, the receipt by the plaintiff of payment in full for the goods sold and delivered, by the note of a third party, would have been a bar to an action of *assumpsit* on the contract of sale.

3rd. That the production of the note by the plaintiff, and the offer to deliver it to the defendant at the time of the trial, was sufficient.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception.*—The plaintiff prayed the Court to instruct the jury:

That if they find from the evidence that the carpet and rug, as testified to, were sold and delivered by the plaintiff to the defendant at the prices named, and that the defendant paid on account thereof the sum of $ 3.59, and in payment of the balance delivered to the plaintiff the promissory note of Brewer & Hoffacker, offered in evidence, dated December 6th, 1867, at 20 days, drawn originally to the order of blank, but having the name of plaintiff inserted therein by the defendant as payee, at or before the delivery thereof; and shall further find that the plaintiff, either placed the said note in the Howard Bank of Baltimore for collection in due course of business, or discounted the same at said bank, and that the said note was not paid at maturity, and that immediately thereupon, that is, on the same day, the plaintiff took said note from said bank and went to the place of business of said Brewer & Hoffacker, to present the same for payment, and found the said place of busi-

ness closed, and found also that said Brewer & Hoffacker had, at least several days before, failed and left the city, and that immediately thereupon, on the same day, the plaintiff called upon the defendant and notified him of the non-payment of said note, and of the failure of said Brewer & Hoffacker, and demanded payment of the defendant of the balance of $150, due upon the sale of said carpet and rug, and that no part of the said $150, has been paid, and that no part of said note has been paid, and that said note has been produced at this trial and tendered by plaintiff to defendant, then the plaintiff is entitled to recover; notwithstanding they may find the fact that the plaintiff agreed to accept said note absolutely as payment, and to run the risk of its collection, provided they find that the plaintiff knew nothing of the pecuniary responsibility of said Brewer & Hoffacker at the time of taking said note, and relied entirely upon the representations of the defendant in reference thereto, and that the defendant falsely represented the said note to be perfectly good, and the said Brewer & Hoffacker to be responsible for their paper and in good credit, while in fact the said Brewer & Hoffacker were not responsible for their paper nor in good credit, but were then insolvent, and that the defendant then knew that said Brewer & Hoffacker were not pecuniarily responsible nor in good credit, but were insolvent, and that his representations were false.

The defendant asked the following instructions:

1. If the jury find the making of the bill and receipt as offered in evidence by the plaintiff, without mutilation, then such bill and receipt embody the contract in writing between the parties, and it is not competent for the plaintiff to contradict or vary the terms of said contract by oral testimony; and he cannot recover under the pleadings in this case.

2. That the jury are confined, in ascertaining the contract in regard to the sale and delivery of the goods in

question, to the written paper marked "A," (being the bill and receipt set out in the opinion of the Court;) if the jury shall find the signature thereto signed by the plaintiff to be his genuine signature, and shall further find that said paper has not been mutilated or altered since.

3. That the plea of payment is sustained by the evidence in the cause, if the jury find that the signature of the plaintiff to the paper marked "A," was placed there at the time of the delivery of the carpet and acceptance of the note, and that such paper proved conclusively the payment and extinguishment of the original cause of action, and that the construction and effect of such paper is matter of law for the Court, if the above facts are found by the jury, and establish the plea of payment.

4. That, under the pleadings in this cause, it is not competent for the jury to determine or consider whether the said defendant, in passing said note to the plaintiff, acted in good faith or not; because this form of action does not involve such question; that their verdict must be for the defendant if they find that the plaintiff accepted said note and receipted for the same in manner as shown by the paper writing marked "A," without regard to the question whether said note was of any value or not.

5. If the jury find from the evidence the sale and delivery of the goods in question, by the plaintiff to the defendant, and that it was part of said contract that the note of Brewer & Hoffacker was to be taken and received in payment therefor, to the amount of said note, then the plaintiff cannot recover under the pleadings in this cause.

6. That in order to a recovery under the pleadings in this case, it was essential that the plaintiff should tender the note in question to the defendant after the discovery by him of the fraud alleged against the defendant in this case.

7. That if they find there was fraud on the part of the defendant in making the contract in this case, and that

upon making discovery of such fraud the plaintiff elected to avoid such contract, and to that end made a tender of the note in question to the defendant, and manifested to the defendant, at the same time his determination to avoid the contract, then such contract on the part of the plaintiff rescinded the whole contract between them, and the title of the goods in question did not pass from the plaintiff to the defendant by reason of such fraud, and the plaintiff cannot recover the price of the goods under the pleadings in this case.

8. If the jury find the sale and delivery of the goods, and the taking of the note by plaintiff, as shown by the evidence; and shall further find that said note was not paid at maturity; and shall further find that the transfer of the note was fraudulently made by defendant; yet their verdict must be for the defendant in this case, unless the jury shall find that within a reasonable time after the discovery of such fraud by the plaintiff he returned said note to defendant; and as there is no evidence that he returned the note, or offered to do so, he cannot recover in this case.

9. That the tender of the note in question by the plaintiff to the defendant, at the trial table, during the progress of this trial, and the refusal of the defendant to accept the same, does not affect or change in any respect the responsibility of the defendant in this case to the plaintiff.

10. That it is not competent for the plaintiff to tender the note in question to the defendant, at the trial table, during the trial of this cause, with a view to recover upon the count for goods sold and delivered, because more than three years have elapsed since the maturity of said note, and no legal recovery thereon could now be had against the makers of said note, and the relation of the parties to such note remain as if no such tender had been made, the same having been rejected by defendant.

11. That there is no evidence in this case, that within a reasonable time after the plaintiff discovered the alleged fraud in this case, he tendered back to the defendant the note in question, and therefore the plaintiff cannot recover in this case.

12. If the jury believe from the evidence, that after the maturity of the note, and after the plaintiff discovered that the makers of said note were not responsible, and that the alleged statements of the defendant, at the time of the transaction, were not true, the said plaintiff went to the office of the defendant and offered to sell him the note for one-half its nominal value, then the plaintiff cannot set up any fraud in the original contract to defeat the plea of payment made in this case.

13. If the jury find the sale and delivery of the goods in question, and that the note was received by Strasburger, as stated in the receipt offered in evidence by him, then such note was payment *pro tanto* for such goods and the plaintiff cannot recover under the pleadings in this case.

14. That the plaintiff cannot recover upon the count for goods sold and delivered in this case, because he has proved a special contract between the defendant and himself, which he is required by the rules of pleading to set out in his declaration.

15. If the jury find that the plaintiff sold and delivered the goods in question te the defendant, and upon the terms mentioned in the bill of parcels and receipt, offered in evidence by the plaintiff, then he cannot recover under the pleadings in this case.

The Court (GAREY, J.,) granted the prayer of the plaintiff, and rejected the prayers of the defendant; who thereupon excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, BOWIE and ROBINSON, J.

*Benj. C. Barroll,* for the appellant.

The contract between the plaintiff and defendant was in writing, and was contained in the bill of parcels, and the agreement set forth in the receipt annexed to it. *Batturs vs. Sellers and Patterson,* 6 *H.* & *J.*, 249.

The receipt offered in evidence by the *plaintiff* sustained the plea of payment. *Berry vs. Griffith et al.,* 10 *Mᵤ.,* 27 ; *Md. & N. Y. Coal and Iron Co. vs. Wingert,* 8 *Gill,* 171.

If the plaintiff was defrauded as contended, then such fraud defeated and annulled (it may be) the contract made between them ; and the plaintiff was entitled to reclaim his goods, or to sue in *tort* for the deceit. He could not sue upon the contract for " goods bargained and sold," and at the same time set up fraud to defeat it. Either the goods were " bargained and sold for the note which he received or they were not sold at all."

The tender of the note at the trial table, four years and a half after maturity, was a mere mockery, and had no legal effect whatever. If *tender* could avail for any purpose, it should have been made as soon as the fraud was discovered. *Clements vs. Smith's admrs.* 9 *Gill,* 156 ; *Fisher vs. Fredenhall,* 21 *Barbour,* 82 ; *Masson vs. Bovet,* 1 *Denio,* 69.

If it was part of the agreement of sale that plaintiff was to take the note *and run the risk of its payment,* then the note was in law, absolute payment for the goods, under the pleadings in this case, irrespective of the question of fraud, because the *nar.* affirms the contract, and by the contract the note was payment.

The plaintiff could not recover upon the common count for goods bargained and sold, because of the special contract proved. It was not a contract for the payment of money. The entire contract as made must stand or fall, and it was as much the contract that the plaintiff should take the note, as it was that the defendant should take the carpet.

The plaintiff's prayer concedes that the "plaintiff agreed to accept the note absolutely as payment, and to run the risk of its collection," and then sets up the theory that because of the fraud alleged, the plaintiff can repudiate this part of the contract. But it is clear that the contract is *entire*, and that he cannot repudiate the part which involves the taking of the note, and substitute another, to wit: a " money " consideration. The purchase was made upon the consideration of this specific note, which was delivered and accepted in discharge of the debt. The plaintiff got what he intended and what he agreed to take for the carpet.

In his prayer the plaintiff says that he notified the defendant of the non-payment of the note, and demanded payment of the balance alleged to be due, $150, on the sale of the carpet. But this is fatal to plaintiff's case, because it shows that he did not intend to rescind the contract. If the plaintiff intended to avail of the fraud, he should have repaid the $3.59, tendered the note and demanded a return of the goods. A fraudulent contract is null and void. It binds neither party or is in full force against both. It was not a case wherein the plaintiff could waive the *tort* (fraud) and sue in *assumpsit* for the value of the goods, because if the *fraud* was waived then the bill was paid by the note.

Again, by the plaintiff's prayer, the plea of payment is confessed, because the plaintiff himself offered the evidence of payment. He ought to have relied on the *fraud* by way of replication to the plea. The only *fact* which was necessary to establish the plea, was proved by the plaintiff himself—the acceptance of the note under the agreement.

If the plaintiff sued in *assumpsit* he was bound to sue on the specific contract made between them. The law never raises *an assumpsit* in conflict with the actual contract. *Stockett vs. Watkins' adm'rs.* 2 *G. & J.*, 326.

When the consideration of the contract is not *money*, to be paid, the law never allows a recovery upon an implied *indebitatus assumpsit*. If the contract is executed and nothing remains on either side but to pay the money, then, and only then can a recovery be had by *indebitatus assumpsit*. *Ellicott vs. Peson's Exc'rs.* 4 *Md.*, 479; *Jenkins vs. Long & Byrne,* 8 *Md.*, 132.

The contract in this case was fully executed on Dec. 6th, 1867, by acceptance of the note and delivery of the goods—being fully executed on both sides, no cause of action could possibly accrue except *in tort*, for misrepresentation and deceit. These, even if established, do not alter the *fact* of "payment." The fraud, if any, goes to the *original contract,* not to the fact of payment. The fraud was in inducing the plaintiff to make the agreement to sell the goods for the note. That plaintiff did accept the note as absolute payment is not a fact disputed in the cause. If the contract stands and is enforced, then the payment stands as part of it; if it is avoided for fraud, then the payment is also avoided as part of it.

If the plaintiff's view of the fraud is correct, then the title to the goods never passed to the defendant, and, of course he cannot be sued in *assumpsit* for the price of the goods, either upon the special contract or in *indebitatus assumpsit*. But in this case the plaintiff offered in evidence and relied upon the agreement in writing made December 6th, 1867, the alleged fraudulent agreement; he relied upon it, showed by it, the date, the price, the amount, and everything necessary to establish his case. *The account filed with the nar. was not offered in evidence.* After having thus used the bill of parcels, and the agreement and receipt which are annexed, it is not allowable to repudiate it. He proved to the jury by the paper A, all the facts of the *agreement* between them, including the acceptance of the note as absolute payment.

Where the contract set out in the *nar.* is different from the contract proved, the variance is fatal. *Ferguson vs. Cappeau,* 6 *H. & J.,* 401.

In contemplation of law all acts done in pursuance of a purpose to defraud are but one act; the order in which they occur is immaterial. *Moore et al. vs. Blondheim et al.,* 19 *Md.,* 172. A contract induced by misrepresentation is void. *Joice and wife vs. Taylor,* 6 *G. & J.,* 54. Fraud in the formation of a contract avoids it, or makes the fraudulent party liable in damages. *Boring vs. Lemmon,* 5 *H. & J.,* 223; *Watkins vs. Stockett,* 6 *H. & J.,* 444. The law of this case is covered by the cases of *Hall vs. Hinks,* 21 *Md.,* 420, and *McAleer vs. Horsey,* 35 *Md.,* 440.

*W. Burns Trundle,* for the appellee.

The prayer of the plaintiff covered the whole case, and correctly stated the law. The appellee would have been bound by his receipt, had there been no fraud. But on the establishment of fraud, he had the right to rescind the sale, and sue in trover or replevin for the goods, or affirm the sale, and sue in *assumpsit* for the value. *Trisler vs. Williamson,* 4 *H. & McH.,* 219; *Glenn vs. Smith,* 2 *G. & J.,* 493; *Wyman vs. Rae,* 11 *G. & J.,* 416; *Berry vs. Griffin,* 10 *Md.,* 28; *Morrison vs. Welty,* 18 *Md.,* 169; *Shelton vs. Tiffin,* 6 *How.,* 164; *Alexander vs. Dennis,* 9 *Porter,* 174; *Leas vs. James,* 10 *Ser. & R.,* 307; *Story on Prom. Notes,* secs. 117, 118, &c., *note*; *Story on Bills,* secs. 109, 116; *Parsons on Notes and Bills,* 160 *and* 206.

The first, second, fourth, fifth, seventh, fourteenth and fifteenth prayers of the appellant proceed upon the erroneous theory, that the appellee's *receipt* constituted a special contract. Even if there had been a special contract in respect to the sale, it was competent for the appellee, on the establishment of fraud, to disregard it, and sue in assumpsit.

The third and fourth prayers of the appellant ignore the element of fraud.

---
. Hoopes *vs.* Strasburher.
---

The sixth, eighth, ninth, tenth and eleventh prayers . misconceive the purpose and legal effect of producing the note at the trial table.

BARTOL, C. J., delivered the opinion of the Court.

The appellee sued the appellant in assumpsit, and declared for goods bargained and sold and on an account stated ; the *narr.* also contains the other common counts. The defendant pleaded; "that he never promised as alleged," and "payment."

At the trial the plaintiff produced a promissory note, dated December 6, 1867, for $150, payable twenty days after date, to the order of V. Strasburger, (the plaintiff,) and signed by Brewer & Hoffacker, and offered to deliver the same to the defendant, which the latter refused.

The plaintiff then proved that he sold a carpet and rug to the defendant for $153.59 ; and gave in evidence the bill and receipt as follows :

"D. H. HOOPES,

To V. STRASBURGER, Dr.

1867.

Dec. 6, To 67¼ yds. Brussels carpeting, at $2.15
per yard...................................... 144 59
1 Rug........................................ 9 00

$153 59

Received payment in full of the above account, by note of Brewer & Hoffacker ; I running the risk of the note being paid. V. STRASBURGER."

The carpeting was delivered at defendant's dwelling.

The note was not paid at maturity, and proved worthless ; the drawers having failed several days before it became due, and left the city. Of these facts, the defendant was immediately notified, and payment of the bill demanded of him.

Testimony was offered on the part of the plaintiff, tending to prove that the note was worthless, that the makers were insolvent at the time the note was passed, that these facts were well known to the defendant, and that he falsely and fraudulently represented the note to be good, and that it would be paid at maturity. The defendant offered evidence contradictory of the same, and tending to prove the *bona fides* of the transaction on his part.

If a party accept from his debtor, a note or bill of a third person, and "agree to receive it absolutely as payment, and to run the risk of its being paid," the original debt will thereby be paid and extinguished. *Glenn vs. Smith*, 2 *G. & J.*, 509 ; *Berry vs. Griffin, et al.*, 10 *Md.*, 27. It is very clear therefore, that in the absence of fraud on the part of the defendant, the receipt of the plaintiff offered in evidence, would be a bar to the present action. But the plaintiff seeks to avoid its effect, by showing that the defendant falsely and fraudulently represented that the promissory note of Brewer & Hoffacker was good and would be paid, when in fact he knew that it was worthless, and thereby induced the plaintiff to accept the note, and give the receipt. There appears to have been a conflict of testimony upon the question of fraudulent misrepresentation ; but it was fairly submitted to the jury by the plaintiff's prayer, which was granted, and was found against the defendant. We must therefore deal with the case, assuming the fraud to be established.

The question for this Court to determine, is what is its legal effect upon the rights of the parties in the present suit ? And we shall consider first the several grounds of defence presented by the defendant's prayers, and relied on by the appellant. These resolve themselves into an objection to the form of action which rests upon the theory that the bill and receipt constitute a special con-

tract, whereby the plaintiff agreed to sell and deliver the goods, and receive in exchange or payment therefor, the note of Brewer & Hoffacker, that the legal effect of the agreement when executed by the delivery of the goods, and the receipt of the note, was to satisfy and extinguish the plaintiff's demand for the price of the goods, and to destroy his right of action to recover the same in an action of assumpsit, for goods sold and delivered. That if he was induced to enter into the contract by the fraud or misrepresentations of the defendant, his remedy was by an action of tort, for the deceit, or he might have repudiated the contract, as soon as the fraud was discovered, and promptly returned or tendered the note to the defendant, and recovered the goods by an action of replevin, or their value in trover.

In support of this theory, a very ingenious argument was made by the appellant's counsel, who cited *Masson vs. Bovet*, 1 *Denio*, 69; *Fisher vs. Fredenhall*, 21 *Barb.*, 82; and *Clements vs. Smith and others*, 9 *Gill*, 156. We think these cases do not support the appellant's positions to the full extent contended for. Unquestionably it would have been competent for the plaintiff, on discovery of the fraud, to have sued in *tort* for the deceit; or he might have repudiated the whole contract, and asserted his right to the goods; this is the extent of the decision, in 1 *Denio* and 9*th Gill*; the same doctrine was decided in *Alexander vs. Dennis*, 9 *Porter*, 174. But these authorities do not support the position, that in a case like this, a suit cannot be maintained on the original cause of action for the price of the goods. In 21 *Barbour*, which was a case somewhat like this, the Court held that the action by the vendor on the contract of sale, could not be maintained. But there was no fraud alleged on the part of the vendee, and the case was in other respects unlike the present.

The transaction between these parties, as evidenced by the bill and receipt, was not such a special contract as

Hoopes *vs.* Strasburger.

the appellant has construed it. It was a sale and delivery of goods by the plaintiff to the defendant, for a stipulated price; and an agreement to accept in payment therefor, a note of a third party, and run the risk of its being paid. If the agreement to accept the note as payment, was induced by the fraudulent misrepresentations of the defendant, the effect of the fraud is to render the receipt invalid. The transaction consists of two elements, easily separable, and there is no reason why the plaintiff may not affirm the sale, and sue in assumpsit for the price. To such an action, the receipt having been obtained by fraud, could furnish no valid defence.

In support of this position, we refer to *Trisler vs. Williamson*, 4 *H. & McH.*, 219, decided by the General Court in 1798, a case which we accept as binding authority in Maryland. It was argued by eminent counsel, and decided by learned and able judges, and although no opinion appears to have been delivered by the Court, the point ruled, clearly appears in the report; and we think, supports the views we have expressed in the present case.

The argument of the appellant's counsel, that it was the duty of the appellee to return or tender the note to the appellant promptly after discovering the fraud, is answered by the cases of *Glenn vs. Smith*, 2 *G. & J.*, 493, and *Wyman vs. Rae*, 11 *G. & J.*, 416, which show that the production of the note and the offer to deliver it to the defendant at the time of the trial, was sufficient. The receipt being rendered void and of no effect, by the fraud of the defendant, the case stood in this respect, as if no receipt had been given. The defendant cannot be heard to complain of any prejudice suffered by him, in consequence of delay in tendering him the note; because he was promptly notified of the failure and default of the makers to pay it, and might, by paying the plaintiff's bill, have at once entitled himself to its possession.

We have not considered the several prayers of the defendant separately, because they are comprehended in the points to which we have adverted.

We think there was no error in rejecting them; and being of opinion that the instruction given to the jury in the plaintiff's prayer was correct, and fully covered the law of the case, we affirm the judgment.

*Judgment affirmed.*

(Decided 18th February, 1873.)