Dellone, *et al. vs.* Hull.

*Order reversed, and*
*cause remanded.*

(Decided 15th June, 1877.)

IGNATIUS C. DELLONE and AUGUSTUS DELLONE, trading as I. C. DELLONE & BRO. *vs.* ELI N. HULL.

ATTACHMENT.

*Act of* 1864, *ch.* 366—*Fraud and fraudulent contracts—When*
*right of action accrues.*

Where goods are obtained by means of a fraudulent purchase, the vendor has a right to disaffirm the contract, so as to revest the property in himself and to recover its value in an action of tort against the vendee.

But if the plaintiff make the contract his cause of action he must be bound by its terms, and cannot maintain his suit until the money becomes due.

The vendor cannot sue for the *price* of goods before the period of credit has expired; by so doing he affirms the contract; but he can disaffirm the contract and sue in tort for the *value* of the goods.

The Act of 1864, ch. 366, does not alter this rule as to cases arising under that Statute.

In such cases the foundation of this action is the allegations in the affidavit.

APPEAL from the Circuit Court for Carroll County.

On the 10th of June, 1876, Dellone & Bro. sold to Hull, merchandise to the value of $112.65, on a credit of ninety days.

On the 7th July following, before the expiration of the period of credit, Dellone & Bro. sued out of the Circuit

Court of the county, the writ of attachment against the goods and chattels of Hull, alleging that he, (Hull,) was about to conceal, assign and dispose of his property in order to hinder, delay and defraud his creditors. The short note accompanying the writ, stated that the action was brought to recover *money due and owing to the plaintiffs by the defendant, for goods bargained and sold to the defendant by the plaintiffs.* The defendant pleaded ; 1st, never was indebted as alleged ; and 2nd, that no right of action had accrued to the plaintiff.

Issues were joined on these pleas, and after offering evidence, the plaintiffs prayed the Court to instruct the jury that on the pleadings and evidence in the case, if the jury should find from the evidence, that the goods for which the plaintiffs seek to recover in this cause, were sold and delivered by the plaintiffs to the defendant; on an agreement that credit for ninety days was to be given ; and that said goods were so sold and delivered to be used in the usual conduct of said business, and that at the time of the sale and delivery, the defendant had in his mind fraudulent intent to break up the business he was then conducting, and to secrete and dispose of his property, so that the plaintiffs could not enforce payment of their claims before the expiration of the time for which the credit was given, the plaintiffs are entitled to recover in this cause, provided the jury shall find that the said goods were sold and delivered at and for the prices proved by the witness.

And the defendant prayed the Court to instruct the jury that if they find from the evidence, that the goods and chattels sought to be recovered for in this action, were sold by the plaintiffs to the defendant, on a credit of ninety days, and that this suit was brought, and the writ of summons issued therein before the expiration of the said credit of ninety days ; (if the jury find said credit,) then their verdict must be for defendant.

The Court rejected the plaintiffs' prayer, and granted that of the defendant, and the verdict and judgment being against them, the plaintiffs appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Wm. P. Maulsby,* for appellants.

*Charles T. Reifsnider,* for appellee.

BARTOL, C. J., delivered the opinion of the Court.

The appellants proceeded against the appellee by attachment under the Act of 1864, ch. 366, to recover a sum of money alleged to be due for goods sold and delivered. The voucher produced with the affidavit is an account for goods sold, and the short note states that the suit is instituted to recover money due and owing from the defendant to the plaintiffs for goods bargained and sold by the plaintiffs to defendant. The proceeding was instituted on the 7th day of July 1876. The goods were sold on the 10th day of June 1876 on a credit of 90 days. The defendant being summoned appeared by attorney and pleaded : *First,* " that he never was indebted as alleged." *Second,* " That the above is based upon a cause of action which was not due and owing to the plaintiffs at the time the above suit was brought and is not now due and owing."

At the trial evidence was offered by the plaintiffs tending to prove that at the time of the purchase, " the defendant fraudulently intended to break up the business he was then carrying on, before the expiration of the said ninety days, and to secrete and dispose of his property so that the plaintiffs could not enforce payment of their claim at the expiration of said ninety days, and intended to cheat and defraud the plaintiffs of their said goods, and also tending to prove that the defendant did on the nights of

the 4th and 5th of July 1876 clandestinely remove his property, break up his business, and fraudulently conceal and dispose of his property prior to the 6th day of July 1876; that the plaintiffs could not enforce the payment of their said claim, and that defendant was therefore possessed of no property.''

The question presented by the prayers is whether the fraudulent intent of the defendant at the time of the purchase, so to secrete and dispose of his property before the expiration of the ninety days, if found by the jury, entitles the plaintiff to maintain this suit. The appellants contend that the credit being obtained by fraud, the right of action accrued immediately.

There is no doubt of the proposition that ''where goods are obtained by means of a fraudulent purchase the vendor has a right to disaffirm the contract so as to revest the property in himself, and to recover its value in an action of tort against the vendee.'' 1 *Chitty on Con.*, 569; *Load vs. Green*, 15 *M. & W.*, 216; *Masson vs. Bovet*, 1 *Denio*, 69; *Alexander vs. Dennis*, 9 *Porter*, 174; *Clements vs. Smith*, 9 *Gill*, 156. Here the plaintiffs have not disaffirmed the contract, but have instituted their action upon it, in such case they must be bound by its terms and cannot maintain their suit before the money becomes due.

It is laid down by *Chitty, page* 570, that '' where goods are fraudulently procured to be sold on a credit, the vendor cannot sue for the price of the goods before the period of credit has expired; but he may sue in *tort* for the value of the goods, for by declaring for the price he affirms the contract,'' and for this is cited *Street vs. Smith*, 1 *C., M. & R.*, 312; *Ferguson vs. Carrington*, 9 *B. & C.*, 59.

This principle is well settled and concludes the case against the appellants at common law.

The next question to be considered arises under the Act of 1864, which it is contended has altered this rule in cases arising under this Act.

Dellone, *et al. vs.* Hull.

The foundation of the attachment in this case is the allegation in the affidavit, that the affiant "has good reason to believe that Eli N. Hull has assigned, disposed of or concealed his property or some portion thereof, with intent to defraud his creditors." It is not alleged that the defendant fraudulently contracted the debt. It is clear that in such case the plaintiffs cannot claim a right to proceed before the debt became due, on the ground that the debt was fraudulently contracted, and the credit obtained by fraud ; no such ground of action being alleged in the affidavit.

Whether an attachment can be maintained under the Act, to recover a sum of money, before it has become due under the contract, where the proceeding is based upon an affidavit alleging that the debt was fraudulently contracted, is a question that does not arise in this case and we do not decide it.

Looking at the proceedings in the case before us, we think the suit was brought prematurely, and therefore it was not error to reject the plaintiffs' prayer, and grant that of the defendant.

*Judgment affirmed.*

(Decided 15th June, 1877.)