Opinion of the Court.

## CHARLES P. KELLOGG & CO.

### v.

## JAMES H. TURPIE.

1. REMEDY—*on rescission of sale for fraud.* Where a sale of goods on a credit is rescinded by the vendor for fraud in the purchaser, the contract is treated as a nullity, and the vendee is treated not as a purchaser, but as a person who has tortiously obtained possession of the goods, and the form of action in such case is trover or replevin. In such case assumpsit will not lie before the expiration of the time of the credit, unless the party has converted the goods into money or money's worth.

2. A contract can not be rescinded in part and affirmed as to the residue. If a party treats a transaction as a contract at all, he must take it altogether and be bound by all its terms, and by bringing assumpsit for the price of goods sold, the plaintiff affirms the contract of sale. Where there is an express contract the law will not imply one. The doctrine of the New York courts that the vendor may rescind as to the credit procured by fraud, and affirm the sale, is not approved.

APPEAL from the Appellate Court of the Second District; the Hon. JOSEPH SIBLEY, presiding Justice, and the Hon. E. S. LELAND and Hon. NATHANIEL J. PILLSBURY, Justices.

Mr. STEPHEN R. MOORE, for the appellants.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, to recover the value of certain bills of goods purchased by the defendant of the plaintiffs on the 20th day of December, 1875, and in January and February, 1876, on a credit of four months. The suit was commenced March 1, 1876.

The declaration contains a special count setting forth, in substance, the sale of the goods to the defendant upon a credit of four months, through and on account of false and fraudulent representations made by the defendant as to his pecuniary responsibility, for the price of $1124.35, and that that was the value of the goods; that plaintiffs first learned of the false and fraudulent character of the representations on the last day of

93 265
127 325

93 265
29a 27
29a 393

93 265
130 592

93 265
141 662

93 265
57a 322

93 265
86a 273

93 265
97a ²143

February, 1876, and that immediately thereupon they rescinded the contract of sale so made as aforesaid on credit, and demanded payment immediately of the value of the goods at the time of the purchase, which defendant refused to make.

The circuit court sustained a demurrer to the declaration, and gave judgment for the defendant. On appeal to the Appellate Court for the Second District the judgment was affirmed, and an appeal taken to this court.

The declaration clearly enough presents a case of fraud, entitling the plaintiffs to rescind the contract of sale made on a credit, and the question which is presented is whether, upon making such rescission of the contract, the plaintiffs may bring this action of assumpsit to recover what the goods were reasonably worth, or are restricted to an action in tort, of trover or replevin.

Where such a fraudulent contract is rescinded by the vendor, as it may be, the contract is treated as a nullity, and the defendant considered not as a purchaser of the goods, but as a person who had tortiously got possession of them, and the form of action in such case is in trover or replevin for the tort. But this action of assumpsit proceeds upon the ground of a contract made between the parties and existing at the time of action brought, and that the goods were rightly obtained by purchase. Now the only contract appearing by the declaration between the parties is an express contract for the sale of the goods upon credit. The time of credit had not expired when the suit was commenced, and it was prematurely brought on the contract which was actually made. Where there is an express contract the law will not imply one. It is not admissible to say there was a different implied contract, where there was an express one.

Nor can the contract be rescinded in part, and affirmed as to the residue. The plaintiffs, if they treat the transaction as a contract at all, must take the contract altogether, and be bound by its specified terms. By bringing this action, plaintiffs affirm the contract made between them and the defendant.

This we believe to be the doctrine upon the subject as resting upon principle, and established by the weight of authority.

In such cases, says Chitty, in his work on Contracts, vol. 1. pp. 569–70, "The vendor must either affirm or disaffirm the contract as a whole. And therefore, where goods are fraudulently procured to be sold on credit, the vendor can not sue for the price before the credit has expired, but he must sue in *tort* for the value of the goods, for by declaring for the price he affirms the contract; and where there is an express contract the law will not imply any other."

To the same effect is Story on Sales, § 446, that "Where goods have been obtained through the fraud or misrepresentation of the vendee, the vendor may either affirm the sale or rescind it and reclaim the goods. If he elect to rescind he must, as we have seen, do so within a reasonable time, and must take care to do nothing affirmatory of the contract, or his right to rescind will be lost. And in such case he should sue in *trover* or *replevin* for the goods, treating the whole contract as utterly nullified by the fraud, and he should be careful not to bring assumpsit, since, as the foundation of this action is the promise of the vendee, the contract is thereby directly affirmed, and his rights will depend upon the contract solely." In full support of the text of these writers and the views we have expressed, are *Read* v. *Hutchison*, 3 Camp. 351; *Ferguson* v. *Carrington*, 9 B. & Cr. 59, 17 E. C. L. 330; *Strutt* v. *Smith*, 1 C., M. & R. 311; *Selway* v. *Fogg*, 5 M. & W. 83.

In *Allen* v. *Ford*, 19 Pick. 217, the same doctrine is declared, where the court say : " If the plaintiff rescinds the contract, as he would have a right to do, the defendant failing to perform the condition of sale, his proper remedy for a conversion of the property is an action of trover. And he can not waive the tort and recover the value of the goods in an action of assumpsit. In such a form of action the contract is admitted to exist at the time of the action brought, and where there is an express contract the law will not imply one." To like

effect are *Delton* v. *Hull*, 47 Md. 112; *Whitlock* v. *Heard*, 3 Rich. 88.

The decisions in New York appear to be in favor of the maintenance of such an action as the present.

In *Roth* v. *Palmer*, 27 Barb. 652, the court, speaking upon the subject of the election which the vendor has, in the case of a fraudulent purchase of goods, to sue in assumpsit rather than tort, say: "Originally, and particularly in the English courts and in Massachusetts, a distinction was attempted to be established as to the cases in which the plaintiff should be allowed his election, and to confine it to cases where the fraudulent purchaser had parted with the goods and received money on his sale of the same, which the courts allowed the plaintiff to treat as money had and received to the plaintiff's use. (*Bennett* v. *Francis*, 2 Bos. & Pull. 550, 555; *Jones* v. *Hoar*, 5 Pick. 285.) But the cases in our own courts recognize no such distinction. They seem to allow it to be done in all cases where the plaintiff would have been allowed to pursue his remedy in tort, and the decisions in this court have been too numerous and too uniform to allow us now to set up any distinction or limitation even if it were desirable on principle."

But there is no course of decisions in this State which requires of us any departure from principle and the prevailing authority upon this subject. This court has recognized the distinction above, which the New York courts would seem not to do, and has held that where goods have been obtained tortiously, in order that assumpsit can be maintained it is essential that the wrongdoer should have sold the goods, or in some way converted them into money or money's worth. *Creel* v. *Kirkham*, 47 Ill. 344; *Johnston* v. *Salisbury*, 61 id. 316. In *Wigand* v. *Sichel*, 3 Keyes, N. Y. Court of Appeals Rep. 120, the court, although sustaining the action of assumpsit in a case like the present, do so upon a different ground from that in *Roth* v. *Palmer*. "It is not accurate," say the court, in the former case, "to say that the plaintiffs sought to avoid the contract of sale. It is the credit only that is sought to be

avoided. It was a sale of goods which the plaintiffs, by their action, affirmed. It was, however, a sale where the credit was obtained by fraud, and in law amounted to a sale for cash. In stating it in their complaint therefore to be a sale, and for cash, the plaintiffs but stated the contract according to its legal effect. They did not seek to avoid the contract of sale. They endeavored, merely by proof of the act of fraud, to reduce the transaction to a cash sale."

We have held that where a party rescinds a contract on the ground of fraud, such rescission must be total; a portion of the contract can not be affirmed and a portion repudiated. *Bowen* v. *Schuler*, 41 Ill. 193; *Ryan* v. *Brant*, 42 id. 78; *King* v. *Mason*, 42 id. 223.

We adopt with approval the following language of PILLS-BURY, J. who delivered the opinion of the Appellate Court in the case at bar, in comment on this case of *Wigand* v. *Sichel*: " The goods were procured by a contract, though fraudulent, one of the constituent parts of which was that time should be given for the payment thereof. With reference to this credit the amount to be paid for the goods was determined, and we are unable to see how the credit was obtained by fraud distinct from the other terms of sale, or how the credit can be avoided, or the sale be affirmed, with a different time of payment fixed without the consent of the purchaser. If in such case the credit is the only part of the contract resting upon the fraud, and that can be severed from the other terms of sale, then it necessarily follows that the credit is the only portion of the contract that can be repudiated, leaving the contract of sale in full force in other respects, or as the New York court expresses it, ' it becomes a sale for cash.'

" If, then, the legal effect of the contract after such disaffirmance is a sale for cash, the vendee is in no sense a wrongdoer, and the defrauded vendor can not thus treat him and reinvest himself with the title to the goods, which, we believe, is not considered good law any where."

We regard the New York decisions upon the subject as variant from the current of authority, and we are not satisfied with the principles upon which they are rested.

The difficulty in the way of this suit is not avoided by saying, as appellants' counsel does, that the action is not brought for the agreed price of the goods, but for the price the goods were reasonably worth, and therefore the special contract which was made is not affirmed, because not sued upon, but that the suit is upon an implied contract to pay what the goods were reasonably worth. The rule as stated in some of the authorities cited is, that where there is an express contract the law will not imply one.

As said by PARKE, B., in *Strutt* v. *Smith, supra,* " It is clear that the plaintiffs can not avail themselves of the defendant's fraud so as to rescind the contract and substitute a new contract of sale on different terms. * * * They might, possibly, on the evidence, have maintained trover, on the ground that the fraud vitiated the contract, but if they treat the transaction as a contract at all, they must take the contract altogether, and be bound by the specified terms."

The earlier case of *DeSymons* v. *Minchwich*, 1 Esp. 430, cited as in favor of this action, is overruled by the later English decisions.

Other cases cited by appellants' counsel are where goods obtained under a fraudulent contract had been disposed of, and it was held that assumpsit would lie for the money received; or where money had been received upon such a contract, and upon its rescission assumpsit for money had and received was held sustainable; or where some security, as a bill or note, payable at a future day, had been taken in payment for goods which had been sold, and the security turned out to be worthless, and an action was held to lie immediately for the price of the goods sold, on the ground that there had been no payment made for them.

There is a plain distinction between all such cases and the one now before us.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*